2002 ME 100

**Wayne DUBAY**

v.

**Anne Marie DUBAY.**

Supreme Judicial Court of Maine.

Argued: Feb. 5, 2002.

Decided: June 25, 2002.

John Alsop, (orally), Alsop, Mohlar & Ketterer, Norridgewock, for the appellant.

Anthony P. Shusta, (orally), Madison, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

Majority: SAUFLEY, C.J., DANA, ALEXANDER, and CALKINS, JJ.

Dissent: CLIFFORD, and RUDMAN, JJ.

ALEXANDER, J.

[¶ 1] Wayne Dubay appeals from a judgment of divorce entered in the District Court (Skowhegan, *Clapp, J.*) awarding Anne Dubay spousal support and attorney fees. Wayne argues that the District Court: (1) violated a positive rule of law in applying 19–A M.R.S.A. § 951–A(2)(A) (Supp.2001) because the court improperly applied the factors set forth in 19–A M.R.S.A. § 951–A(5) to rebut the presumption against permanent spousal support for marriages of less than ten years in length; (2) based the spousal support award upon erroneous factual conclusions; and (3) abused its discretion in awarding attorney fees. Because clarification of some of the court's findings is required before we can determine if the court abused its discretion or committed an error of law, we vacate and remand.

[¶ 2] In this case, a central issue is application of the rebuttable presumption against permanent spousal support. The law provides that: "There is a rebuttable presumption that general support may not be awarded if the parties were married for less than 10 years as of the date of the filing of the action for divorce." 19–A M.R.S.A. § 951–A(2)(A)(1).[1]

[¶ 3] Awards of spousal support are reviewed for abuse of discretion. *Libby v. Libby*, 2001 ME 130, ¶ 8, 781 A.2d 773, 775. To review for abuse of discretion, we necessarily must review the facts upon which the trial court based its exercise of discretion. The trial court's findings as to (1) the length of time from marriage to the date of the filing of the action for divorce, and (2) the justification for the spousal support award are critical to our review of an award of spousal support in a marriage of less than 10 years duration.

[¶ 4] In its original judgment, the court found that the parties were married on December 31, 1991, and the action for divorce was filed on June 8, 2000. This suggested an eight and one-half year marriage. However, the parties agree, and the record reflects, that the marriage was actually for six and one-half years. For purposes of calculations pursuant to section 951–A(2)(A), the parties were married December 31, 1992, and the divorce complaint was filed on June 8, 1999.[2] After the judgment, the filing date error was corrected on a motion by Anne Dubay that, understandably, did not ask the court to reconsider the permanent spousal support award.

[¶ 5] The court's findings and exercise of discretion regarding the rebuttable presumption for marriages of less than ten years duration may be applied differently if a marriage is one of: (1) eight and one-half years, as the court found when it determined that the presumption was rebutted; (2) seven and one-half years, as established after amendment; or (3) six and one-half years, as the parties now agree. Accordingly, we remand to allow the court to determine if on the present record it finds the presumption against permanent spousal support rebutted and continues its award of permanent spousal support or if it deems some other disposition appropriate for this marriage of six and one-half years.

[¶ 6] Clarification of the court's findings is a necessary predicate to our review of any findings for abuse of discretion or error of law.

---

1. 19–A M.R.S.A. § 951–A(2) provides, in relevant part:

   2. Types of spousal support. The court may, after consideration of all factors set forth in subsection 5, award or modify spousal support for one or more of the following reasons.
   A. General support may be awarded to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce.
   (1) There is a rebuttable presumption that general support may not be awarded if the parties were married for less than 10 years as of the date of the filing of the action for divorce. There is also a rebuttable presumption that general support may not be awarded for a term exceeding 1/2 the length of the marriage if the parties were married for at least 10 years but not more than 20 years as of the date of the filing of the action for divorce.
   (2) If the court finds that a spousal support award based upon a presumption established by this paragraph would be inequitable or unjust, that finding is sufficient to rebut the applicable presumption.

2. The docket entries reflect that the divorce complaint was filed June 8, 1999. However, the action was initiated with the May 27, 1999, filing of Anne Dubay's answer and counterclaim complaint for divorce.

The entry is:

Judgment vacated. Remanded for further findings in accordance with this opinion.

CLIFFORD, J., with whom RUDMAN, J., joins, dissenting.

[¶ 7] The trial court is vested with broad powers to order one spouse to pay spousal support to the other if the amount is reasonable and if circumstances warrant. *Sorey v. Sorey,* 1998 ME 217, ¶ 11, 718 A.2d 568, 570–71. Our review of spousal support awards is very deferential. *Knight v. Knight,* 680 A.2d 1035, 1037 (Me.1996).

[¶ 8] When there is a dissolution of a marriage of less than ten years, by statute, there is a *rebuttable* presumption against general spousal support:

The court may, after consideration of all factors set forth in subsection 5, award or modify spousal support for one or more of the following reasons.

A.   General support may be awarded to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce.

(1) There is a rebuttable presumption that general support may not be awarded if the parties were married for less than 10 years as of the date of the filing of the action for divorce. There is also a rebuttable presumption that general support may not be awarded for a term exceeding 1/2 the length of the marriage if the parties were married for at least 10 years but not more than 20 years as of the date of the filing of the action for divorce.

(2) *If the court finds that a spousal support award based upon a presumption established by this paragraph would be inequitable or unjust, that finding is sufficient to rebut the applicable presumption.*

19–A M.R.S.A. § 951–A(2) (emphasis added).[3]

3.  Section 951–A(5) provides:
The court shall consider the following factors when determining an award of spousal support:
A.   The length of the marriage;
B.   The ability of each party to pay;
C.   The age of each party;
D.   The employment history and employment potential of each party;
E.   The income history and income potential of each party;
F.   The education and training of each party;
G.   The provisions for retirement and health insurance benefits of each party;
H.   The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
I.   The health and disabilities of each party;
J.   The tax consequences of a spousal support award;
K.   The contributions of either party as homemaker;
L.   The contributions of either party to the education or earning potential of the other party;
M.   Economic misconduct by either party resulting in the diminution of marital property or income;
N.   The standard of living of the parties during the marriage;
O.   The ability of the party seeking support to become self-supporting within a reasonable period of time;
P.   The effect of the following on a party's need for spousal support or a party's ability to pay spousal support:
(1) Actual or potential income from marital or nonmarital property awarded or set apart to each party as part of the court's distributive order pursuant to section 953; and
(2) Child support for the support of a minor child or children of the marriage pursuant to chapter 63; and
Q.   Any other factors the court considers appropriate.
19–A   M.R.S.A. § 951–A(5).

[¶ 9] In its judgment of divorce, the trial court specifically addressed the provisions of section 951–A(2). The court found that Anne Marie Dubay's "career as a psychiatric nurse was brought to an early end by her back injury and she is not likely to be able to return to work." The court also found that Anne Marie receives a total of $19,837.92 per year in income, while Wayne Dubay, on the other hand, receives a total of $41,376.96 annually. Based on those facts, the court expressly found that the statutory presumption against general support had been rebutted, and ordered Wayne to pay to Anne Marie $135 per week in spousal support.

[¶ 10] In my view, the stark difference in the income of the parties is sufficient to rebut the presumption and justify the spousal support award. This conclusion would not be affected by whether the duration of the marriage was seven and one-half or six and one-half years. The Court, however, relies on the one-year difference to vacate the divorce judgment and remand to the trial court for clarification. In doing so, the Court ignores the obligation on the part of Wayne to direct the trial court's attention to any misunderstanding about the length of the marriage that he now asserts potentially affected the court's judgment.[4] *See Powell v. Powell,* 645 A.2d 622, 623 (Me.1994) (party has the duty to properly request findings of fact and conclusions of law); M.R. Civ. P. 52. Accordingly, I respectfully dissent.

[¶ 11] Because of Wayne's failure, we must assume that the trial court found for the appellee, Anne Marie, on all factual issues necessarily involved in its decision to award spousal support, including the findings required by section 951–A(2) to overcome the presumption. *See Powell,* 645 A.2d at 623–24 (in the absence of a proper motion for specific findings of fact and conclusions of law, we assume the divorce court found all the necessary facts to support its judgment); *Murray v. Murray,* 529 A.2d 1366, 1368 n. 1 (Me.1987) ("It is . . . incumbent on litigants to [properly and timely] move for specific findings of fact and conclusions of law in those cases in which the development of the facts and statement of the rationale is absent from, or not sufficiently developed in, the court's decision.").

[¶ 12] It is clear that the trial court was aware that the length of this marriage was less than ten years. Spousal support was awarded pursuant to, and consistent with, 19–A M.R.S.A. § 951–A(2). The presumption was expressly considered by the trial court and found to be rebutted based on the court's specific findings about Anne Marie's needs and Wayne's ability to pay. Such findings would not be affected by a slight difference in the length of the marriage. In the unlikely event that they were, however, Wayne failed in his obligation to direct the court's attention to the inaccuracy in the judgment as to the length of the marriage. The award is well within the broad discretion of the trial court, and in vacating the order, this Court departs from our practice of reviewing spousal support awards deferentially, and, in the absence of a proper request made to the trial court, of assuming that the trial court found for Anne Marie on all of the facts

---

4. The divorce judgment mistakenly recites the date of the marriage as December of 1992. Anne filed a motion for correction of a clerical error that resulted in the court correcting the date of the filing of the divorce action to reflect a seven and one-half-year marriage. Wayne never requested the court to reconsider its finding that the rebuttable presumption against general spousal support had been overcome based on any misunderstanding the court had on the length of the marriage. His motion for additional findings of fact and conclusions of law was untimely, was not specific, and was properly dismissed.

necessary to support its decision. *Powell,* 645 A.2d at 623–24.

[¶ 13] I would affirm the judgment.