### Frederick G. BRIDGWOOD
### v.
### Velma A. BRIDGWOOD.

Supreme Judicial Court of Maine.

Argued Jan. 20, 1988.

Decided March 8, 1988.

Wayne P. Libhart (orally), Michele M. Lataille, Ellsworth, for plaintiff.

Rebecca Irving (orally), Machias, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

On a post-judgment motion of the defendant, Velma A. Bridgwood, the District Court, Machias, increased the obligation of the plaintiff, Frederick G. Bridgwood, to pay alimony from $1.00 per year to $7,600 per year. On appeal by Frederick, the Superior Court, Washington County, vacated the award of increased alimony and directed the District Court to deny Velma's request for additional alimony. On Velma's appeal from the Superior Court judgment, we agree that the District Court erred but conclude that Velma should not

be barred from further hearing on her motion.

When the parties were divorced in 1982, they entered into a stipulation that provided, *inter alia*, for the sale of the family home upon termination of Velma's possessory interest. Subject to some adjustment, Frederick would receive $15,000 from the proceeds. The divorce judgment granted Velma the exclusive possession of, and the duty to make mortgage payments on, the home until the youngest child attained majority (June 1987).[1] Frederick was ordered to pay $20 per child per week for the support of the three children of the parties and $1.00 per year alimony. The parties disagree whether the $1.00 award was based solely on the fact that Frederick was temporarily unemployed. In June 1986, Velma filed a motion alleging a change of circumstances and seeking an increase in child support and either an increase in alimony payments or a lump-sum award of alimony.

At the District Court hearing in September 1986, Velma asserted her position that the award of $1.00 alimony at the time of the divorce established her need, and therefore all she had to prove was an increased ability to pay on the part of Frederick. As a result, in her direct testimony, Velma did not establish the approximate level of her need. Rather, she offered only general statements of increased expenses without specifying the nature and amount of those expenses.

Velma acknowledged that her income had increased since the divorce. Nevertheless, she contended that Frederick's increased income, plus the anticipated receipt of $15,000 from the sale of their home justified a lump-sum alimony award of $15,000. Frederick argued that she had not demonstrated an increased need and that her motion really sought an impermissible re-distribution of marital property. Both at the trial level and on appeal, Velma contended that the $1.00 award of alimony, ipso facto, established her right to share in her husband's increased earnings. We disagree.

■■■ We do not view an award of $1.00 alimony as establishing the defendant's continuing need. It does, however, permit the trial court to modify the award on an appropriate showing of a change of circumstances. The record discloses a sufficient improvement in Frederick's earnings to warrant the District Court in reopening the alimony award. That change of circumstance alone is insufficient to justify an increase in alimony. Velma still must introduce evidence approximately showing the level of her need. The record before us does not disclose a need even approximating an additional $7,600 per year. The court's finding to that effect is clearly erroneous.

In these circumstances, Velma should not be precluded from presenting evidence at a new hearing for the purpose of establishing the extent of her need for support from her former husband.

The entry is:

Order of the Superior Court directing the District Court to deny the request for alimony vacated.

Order of the Superior Court vacating the alimony award of the District Court affirmed.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Velma contended that she should get credit for the mortgage payments she had made since the divorce. The District Court disagreed.