### Joseph M. PONGONIS

v.

### Lois M. PONGONIS.

Supreme Judicial Court of Maine.

Submitted on Briefs March 19, 1992.
Decided April 22, 1992.

Mark E. Susi, Gregory J. Farris, Farris, Susi, Ollen, Heselton & Ladd, Gardiner, for plaintiff.

Lois M. Pongonis, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendant Lois M. Pongonis appeals, and the plaintiff Joseph H. Pongonis cross-appeals, from the judgment entered in the Superior Court (Kennebec County, *Chan-*

*dler, J.*), modifying the judgment of the District Court (Augusta, *Gorman, J.*), to provide one dollar a year alimony to Lois. Lois challenges, as she did, *inter alia,* on her appeal to the Superior Court, the division of the marital property, and Joseph challenges the Superior Court's modification of the District Court judgment. We affirm the judgment of the Superior Court.

## I.

The parties were married in November 1973, and at the time of the entry of the divorce judgment in August 1990, their two children were aged 16 and 11 years. From approximately 1975 Lois has been employed in the medical records department of the Kennebec Valley Medical Center with a gross annual income of approximately $18,428. She contributes to the social security system and has vested rights in a private pension plan covering the hospital employees. Joseph has been employed by the Department of Transportation since 1978 with a gross annual income of approximately $23,400. As a state employee he does not contribute to the social security system but has vested rights in the retirement system covering state employees. Dr. Charles Stewart, Lois's treating psychiatrist since 1989, testified that Lois had been under medical care since 1981 for panic disorder and major depression of a severe nature that had required her hospitalization for 44 days in 1987 and for 36 days in 1989. He further testified that although she was presently on medication to alleviate the severity of her symptoms, in his opinion Lois would suffer future recurring episodes of panic disorder and major depression of such severity as to require hospitalization.

The divorce judgment provided that the primary residence of their children be with Joseph and that Lois pay $75 a week for child support; Joseph to maintain medical insurance benefits and Lois dental insurance benefits for their children with the necessary cost of all uninsured medical, dental, optical, hospital, pharmaceutical and counseling expenses to be divided equally between the parties. Each of the parties was awarded the right to claim one child for federal and state income tax purposes.

The marital assets of the parties, other than their respective pension rights, included the family home, with a stipulated fair market value of approximately $60,000, and $10,000 being held in escrow representing proceeds from the sale of a boat. These assets were set aside to Joseph. It was further provided that Joseph assume the mortgages on the family home and other marital obligations in the total amount of approximately $68,500. An automobile of the approximate value of $6,000 was set aside to Lois with a further provision that Lois be responsible for marital obligations in the approximate amount of $11,300. The court found that the combination of Lois's social security and the Kennebec Valley Medical Center retirement plan approximated the value of Joseph's state retirement and set apart to each party that party's respective retirement benefits. The court ordered that the remaining items of personal property be divided between the parties in accordance with their agreement and that alimony would not be awarded to either party.

■ After a hearing on Lois's appeal challenging the denial of alimony and the division of the marital property as between the parties, the Superior Court vacated the denial of alimony, awarded Lois alimony in the amount of one dollar a year and affirmed the division of the marital property, and both parties appeal. When, as here, the Superior Court acts as an intermediate appellate court, we examine the proceedings in the District Court as though on initial appellate review. *Dunning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me.1985).

## II.

■ Lois contends that the District Court erred in its determination that the values of the parties' respective retirement assets are equivalent. We have previously stated:

An appellate court can reverse a finding of fact only where (1) there is no competent evidence in the record to support it,

or (2) it is based upon a clear misapprehension by the trial court of the meaning of the evidence, or (3) the force and effect of the evidence, taken as a total entity, rationally persuades to a certainty that the finding is so against the great preponderance of the believable evidence that it does not represent the truth and right of the case.

*Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981). When considering the division of marital property, a comparison of deferred distribution payment values is as valid a method as comparing present values. *Marquis v. Chartier*, 592 A.2d 169, 172 (Me.1991). Here, there was evidence before the court that if both parties worked until retirement age, the annual benefit during actuarial life after retirement for Joseph would increase from $7,800 in the first year to $15,300 in the last year, and for Lois it would be a total annual benefit of $13,475 from social security benefits and her employer-provided plan. Accordingly, we find no clear error in the trial court's determination that there is an approximate equivalency in the value of the respective retirement assets of the parties.

■ We find no merit in Lois's contention that the provisions of 42 U.S.C.A. § 407 (West 1991) prohibited the court's consideration of her anticipated social security retirement benefits in determining a just division of the parties' marital property. Section 407 provides that future social security payments "shall not be transferable or assignable...." The trial court made no attempt to transfer or divide Lois's anticipated social security benefits. Instead, the court recognized the deferred distribution value of those anticipated benefits as a relevant factor to be considered in its division of the marital property. *See* 19 M.R.S.A. § 722-A (1981 & Supp.1991) ("The value of the property set apart to each spouse" is a relevant factor for the court's consideration in division of marital property.). *See also Harmon v. Harmon*, 161 N.J.Super. 206, 391 A.2d 552, 555 (1978) (social security benefits properly considered as factor in equitable division of marital property in divorce action).

■ Nor do we find merit in Lois's contention that the trial court erred in its division of the marital property, other than the pensions. The division of marital property is committed to the discretion of the trial court. *Most v. Most*, 477 A.2d 250, 262 (Me.1984). "The statute directs a 'just' not an equal division" of marital property. *Robinson v. Robinson*, 554 A.2d 1173, 1176 (Me.1989). *See also* 19 M.R.S.A. § 722-A. "[A]bsent a violation of some positive rule of law, this [c]ourt will overturn the trial court's decision only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Anderson v. Anderson*, 591 A.2d 872, 874 (Me.1991) (quoting *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980)). Considering, in the instant case, the value of the marital property of the parties, their respective earning ability, the provision for the primary residence and support of their minor children and the amount and division of the marital obligations, we cannot say that the court abused its discretion in the division of the marital property as between the parties.

## III.

■ By his cross-appeal, Joseph contends that the Superior Court erred by its modification of the divorce judgment to provide an award of alimony to Lois in the amount of one dollar a year. As in other issues concerning the incidents of divorce, the granting of alimony is addressed to the sound discretion of the trial court, and we review its decision only for an abuse of that discretion. *Cushman v. Cushman*, 495 A.2d 330, 335 (Me.1985). We will find an abuse of that discretion if a plain and unmistakable injustice becomes instantly apparent on review. *Sweeney v. Sweeney*, 556 A.2d 660, 661 (Me.1989). In reaching its determination as to alimony, 19 M.R.S.A. § 721 (Supp.1991) requires that the trial court consider fifteen factors re-

lating to that issue.[1] Here, as a basis for its denial of alimony, the trial court stated:

> The Court finds the evidence was clear and convincing that neither the marriage or [Joseph] exacerbated [Lois's] medical condition. Furthermore, the Court finds that [Lois] has always been able to work, and has lost no income over the term of this marriage, as a result of her medical condition. In light of the substantial debt this Court has ORDERED [Joseph] to pay, I find it would be unjust to ORDER payment of alimony. Therefore, alimony shall not be awarded to either party.

We have previously stated that we do not view an award of one dollar a year alimony as establishing the recipient's continuing need; however, it does permit the trial court to modify the award on an appropriate showing of a change in circumstances. *Bridgwood v. Bridgwood*, 538 A.2d 286, 287 (Me.1988). The court's finding that neither Joseph nor the marriage exacerbated Lois's medical condition does not mitigate the ample evidence in the record concerning her serious medical condition that could again require extended hospitalization. The undisputed evidence before the court was that during her previous hospitalizations she lost no income because of her accumulated sick leave. Given her medical history, an uninterrupted flow of income in the past is not a dependable indicator of an uninterrupted flow of income in the future. Nor can it be said that Joseph's present inability to pay alimony justifies the preclusion of this issue from future review by the court should Lois on proper motion be able to establish her need and Joseph's then ability to pay. *See Bridgwood*, 538 A.2d at 287; 19 M.R.S.A. § 721(5) ("The court, at any time, may alter or amend a decree for alimony ... when it appears that justice requires it....."). Considering all the evidence in this case in the context of section 721, we agree with the Superior Court that the trial court abused its discretion by failing to award even nominal alimony to Lois. *See Anderson v. Anderson*, 591 A.2d at 874 (abuse of discretion if plain and unmistakable injustice apparent on review).

The entry is:

Judgment of the Superior Court affirmed.

All concurring.

---

1. 19 M.R.S.A. § 721 provides, in pertinent part:

   **1. Factors.** The court shall consider the following factors when determining an award of alimony:

   A. The length of the marriage;

   B. The ability of each party to pay;

   C. The age of each party;

   D. The employment history and employment potential of each party;

   E. The income history and income potential of each party;

   F. The education and training of each party;

   G. The provisions for retirement and health insurance benefits of each party;

   H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;

   I. The health and disabilities of each party;

   J. The tax consequences of an alimony award;

   K. The contributions of either party as homemaker;

   L. The contributions of either party to the education or earning potential of the other party;

   M. Economic misconduct by either party resulting in the diminution of marital property or income;

   N. The standard of living of the parties during the marriage; and

   O. Any other factors the court considers appropriate.