1998 ME 117

Theresa MELANSON

v.

Edward A. MATHESON.

Supreme Judicial Court of Maine.

Submitted on Briefs April 16, 1998.

Decided May 21, 1998.

Martha J. Harris, Paine, Lynch & Harris, P.A., Bangor, for plaintiff.

Edward A. Matheson, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1]   Edward A. Matheson appeals from the judgment entered in the Superior Court (Penobscot County, *Alexander, J.*) affirming the order of the District Court (Bangor, *Russell, J.*) denying Matheson's motion for post-judgment relief in which he sought to reduce his alimony obligations in light of his retirement and corresponding reduction of income. The District Court erred by failing to consider Matheson's *entire* pension income in determining whether he was entitled to a reduction of his alimony obligation.  Because, however, we agree with the result reached by the District Court, and affirmed by the Superior Court—that Matheson is not entitled to a reduction of his alimony obligation—we affirm the judgment.  *See Baybutt Constr. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 917 (Me.1983) ("[w]here the trial court's ultimate conclusion is correct in law, it must be sustained on appeal, although its conclusion may have been reached by an incorrect process of legal reasoning").

[¶ 2]   Edward A. Matheson and Theresa Melanson were divorced on November 8, 1991.  Pursuant to the divorce judgment entered in the District Court (Bangor, *Studstrup, J.*), Edward was ordered to pay Theresa $8,300 as her share of the parties' marital property and $400 a month in alimony.  In the course of dividing the marital property, the court had determined the value of Edward's state pension to be $15,515.22, of which approximately $10,000 was attributable

to increases in value during the marriage. The court ordered Edward to pay Theresa half of this appreciation as part of the property division, a sum representing her share of this marital asset.

[¶ 3]  Shortly thereafter, Edward retired from his employment with the State and sought, via a motion for post-judgment relief, a reduction in his alimony obligation.  His motion was denied by the District Court (Bangor, *Russell, J.*) and he appealed to the Superior Court, contending that the court should not have considered the portion of his income derived from his state pension in determining whether he was entitled to a reduction in his alimony obligation.  Edward argued that the court's consideration of the income produced by his state pension constituted a *de facto* post-judgment modification of the marital property division.[1]  The Superior Court (Penobscot County, *Marden, J.*) held that Edward's monthly income generated by "that portion of the [pension] ... for which [Theresa] has, at the time of the judgment, received her share ... [should not be considered] as available as [a] source of income" and remanded the case to the District Court.

[¶ 4  ]On remand, the District Court reduced Edward's monthly alimony obligation from $400 to $292.67, "in light of the conclusion of the Superior Court that [Edward's pension] income ... may not be taken into account in determining a present alimony figure," although the Superior Court had not ordered that the *entire* pension income be ignored, just the portion of the pension subject to the marital disposition of property. Both parties appealed again to the Superior Court (Penobscot County, *Mills, J.*), which clarified the original Superior Court order by explaining that the District Court was only to ignore Edward's monthly income generated from the portion of his pension "awarded to [Theresa] in the original divorce judgment," not Edward's entire pension income.

[¶ 5]  On remand, the District Court (Bangor, *Russell, J.*) denied Edward's motion for post-judgment relief and ordered that his alimony obligation remain at $400 a month as per the original divorce judgment.  This order was affirmed by the Superior Court (Penobscot County, *Alexander, J.*).  This appeal followed.

[¶ 6]When the Superior Court acts as an intermediate appellate tribunal, we review directly the initial determination of the adjudicatory body rather than the decision of the Superior Court.  *See Williams v. Williams*, 444 A.2d 977, 978 (1982).  "Where the question is one of the modification of alimony or support ... [a]bsent a violation of some positive rule of law, this Court will overturn the trial court's decision of such a question only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *See id.* at 980.  The party seeking a modification bears the burden of establishing a substantial change in circumstances justifying the modification.  *See Schultz v. Dellaire*, 678 A.2d 46, 47 (Me.1996) (citation omitted).  A court is not limited to a consideration of the economic circumstances of the parties on the day of the modification hearing, but may also consider earning capacity, future prospects, and ability to pay.  *See Finn v. Finn*, 517 A.2d 317, 318 (Me.1986).

[¶ 7]  The Superior Court erred when it directed the District Court to consider only part of Edward's pension income when it considered his request for modification of his alimony obligation.  In its original divorce decree, the District Court divided the value of Edward's state pension attributable to increases during the marriage, awarding Theresa a share of this marital asset.  Once the parties' marital assets were divided, the court should have then determined whether either party should receive alimony pursuant to the statutory criteria now found at 19–A M.R.S.A. § 951 (1998).[2]  In determining ali-

1.  *See Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983) ("courts are without jurisdiction" to modify a judgment dividing marital property).

2.  **951. Spousal support**

1.  Factors. The court shall consider the following factors when determining an award of spousal support:
   A.  The length of the marriage;
   B.  The ability of each party to pay;
   C.  The age of each party;

mony, the court considers, *inter alia*, all available sources of income. There is no distinction, for the purposes of determining alimony, between income derived from property that has been divided in the marital property division and other forms of available income—the court must consider all available income to either party, regardless of the source. Thus, the court erred in the instant case by treating Edward's income derived from property subjected to the marital property division (his pension) any differently from his other sources of income for the purposes of determining alimony. *See, e.g., Gray v. Gray,* 609 A.2d 694, 697–98 (Me.1992) (court awards alimony based on income produced by business divided as marital property); *cf, Beattie v. Beattie,* 650 A.2d 950, 951 (Me.1994) (husband's military pension divided as marital property and income resulting from husband's share included as income for alimony purposes).

■ [¶ 8] Viewing the parties' respective incomes and estates, $400 per month continues to be a reasonable amount of alimony for Edward to provide. The court's denial of Edward's motion seeking a reduction in his alimony obligation cannot be said to be "plainly and unmistakably an injustice that is so apparent as to be instantly visible without argument." *Bryant v. Bryant,* 411 A.2d 391, 395 (Me.1980) (internal quotation omitted). Edward's other contentions on appeal are without merit.

The entry is:

Judgment affirmed. Remand for entry of attorney fees on appeal.

D. The employment history and employment potential of each party;

E. The income history and income potential of each party;

F. The education and training of each party;

G. The provisions for retirement and health insurance benefits of each party;

H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;

I. The health and disabilities of each party;

J. The tax consequences of a spousal support award;

K. The contributions of either party as homemaker;

L. The contributions of either party to the education or earning potential of the other party;

M. Economic misconduct by either party resulting in the diminution of marital property or income;

N. The standard of living of the parties during the marriage; and

O. Any other factors the court considers appropriate.

19-A M.R.S.A. § 951 (1998).