1998 ME 252

**Donald A. SPENCER**

v.

**Ann F. SPENCER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1998.

Decided Nov. 25, 1998.

---

4. Section 316 has been recodified as 19–A M.R.S.A. § 2006.

Jay H. Otis, Brewer, for plaintiff.

Lisa Cohen Lunn, Vafiades, Brountas & Kominsky, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, Justice.

[¶ 1] Ann F. Spencer appeals from a judgment entered in the Superior Court (Penobscot County, *Mead, J.*) affirming a judgment entered in the District Court (Bangor, *MacMichael, J.*). Ms. Spencer contends that the trial court erred in terminating Mr. Spencer's obligation to pay spousal support upon his retirement and in determining that it was not necessary to award a nominal amount of spousal support in order to preserve a right for Ms. Spencer to request increased spousal support in the future. We modify the judgment and affirm.

## I. Background

[¶ 2] Mr. and Ms. Spencer were married on February 10, 1956. At the time of their marriage, Ms. Spencer was 17 years old and Mr. Spencer was 21 years old. Ms. Spencer did not have a high school diploma and did not receive one until 1973. She did not work outside of the home during the marriage. The couple had five children, four of whom were still minors at the time of the divorce in January 1975. Under the terms of the original divorce decree, Mr. Spencer paid Ms. Spencer $20 per week in spousal support and paid child support pursuant to a graduated schedule. After a hearing in 1980, Mr. Spencer's child support obligation was eliminated because the last child had reached 18 years of age, and Ms. Spencer's spousal support was increased to $30 per week.[1]

[¶ 3] Mr. Spencer paid according to the 1980 order until Ms. Spencer filed a Motion to Amend the Divorce Judgment, requesting an increase in spousal support to $100 per week, in November 1996. Mr. Spencer responded by requesting termination of his spousal support obligation due to his impending retirement. After hearing, the trial court

---

1. Although initially there was confusion regarding the source of the $30 spousal support order, those issues are not relevant to this appeal.

granted Mr. Spencer's motion to amend and terminated his obligation to pay spousal support to Ms. Spencer, effective upon the approximate date of Mr. Spencer's retirement.

[¶ 4] Ms. Spencer then filed a Motion for Findings of Fact and Conclusions of Law and a Motion to Alter or Amend Judgment, requesting that the court order Mr. Spencer to pay spousal support of $1.00 per year, thereby preserving her right to seek future spousal support should the parties' circumstances change. The trial court issued additional findings of fact and conclusions of law, clarifying the factors it had considered when terminating Mr. Spencer's spousal support obligation, but denied Ms. Spencer's motion to alter the judgment, holding that "[i]t is not necessary to alter or amend the Court's Order of March 3, 1997, to preserve the right of the Defendant to request alimony in the future." From the Superior Court's affirmance of those orders, Ms. Spencer now appeals.

## II. Discussion

[¶ 5] We first address Ms. Spencer's assertion that the court erred in deciding that Mr. Spencer should not be required to continue making regular spousal support payments after his retirement. "The court, at any time, may alter or amend a decree for spousal support or specific sum when it appears that justice requires it." 19–A M.R.S.A. § 951(4) (1998). In making an alteration or amendment, the trial court considers the same factors as those considered when determining an award of spousal support, which are enumerated in subsection one of the statute.[2] *See id.* We review modifications of spousal support for an abuse of discretion. *See Melanson v. Matheson,* 1998 ME 117, ¶ 6, 711 A.2d 147, 148. Absent a violation of a positive rule of law, we will overturn the trial court's decision only if it results in such a plain and unmistakable injustice as to be instantly visible without argument. *See id.* (citing *Williams v. Williams,* 444 A.2d 977, 978 (Me.1982)).[3]

[¶ 6] At the time of the hearing on the Motion to Amend the Divorce Judgment, the parties had been divorced for 21 years. Ms. Spencer owned her home, free of encumbrances. She had been employed outside the home for seven years. Her approximate income was between $13,000 and $14,000 per year. She was 58 years old, had little in savings, and had no retirement provisions from her employment. She did not know what Social Security benefits may be available to her upon her own retirement.

[¶ 7] Mr. Spencer remarried shortly after the divorce and has been married for 20 years. At the time of the hearing on the Motion to Amend, Mr. Spencer was 61 years old. He had worked 31 years for the 3E Company as an electrician and served for 26 years in the Air National Guard. In 1995, Mr. Spencer earned $44,592 from the 3E Company and $2,989 from his Air National Guard retirement. He will receive no retirement benefits from the 3E Company. He had an IRA with a balance of $49,000 and savings totaling approximately $27,000.

---

2. The factors enumerated in subsection one are:

A. The length of the marriage;
B. The ability of each party to pay;
C. The age of each party;
D. The employment history and employment potential of each party;
E. The income history and income potential of each party;
F. The education and training of each party;
G. The provisions for retirement and health insurance benefits of each party;
H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
I. The health and disabilities of each party;
J. The tax consequences of a spousal support award;
K. The contributions of either party as homemaker;
L. The contributions of either party to the education or earning potential of the other party;
M. Economic misconduct by either party resulting in the diminution of marital property or income;
N. The standard of living of the parties during the marriage; and
O. Any other factors the court considers appropriate.

19–A M.R.S.A. § 951(1) (1998).

3. When the Superior Court acts as an intermediate appellate court, the Law Court reviews the decision of the trial court directly. *See Department of Human Servs. v. Sabattus,* 683 A.2d 170, 171 (Me.1996).

Upon retirement, his income would decrease significantly. He would receive approximately $16,000 per year from Social Security and the Air National Guard retirement benefits. His decision to retire was voluntary and was not motivated by health or other problems. Although he indicated that he could, if he chose to, continue to work parttime as an electrician, he had no plans to work after retirement.

[¶ 8] In making its decision, the trial court considered "the health of both parties, the motives of [Mr. Spencer] in planning to retire (he will be retirement age, he doesn't enjoy working any longer, and he wants to retire and enjoy the benefits of retirement), the timing of the planned retirement (age 62), the relative incomes of the parties after [Mr. Spencer] retires, the ability of [Ms. Spencer] to provide for herself, ... and the length of time that [Mr. Spencer] paid spousal support since the divorce."

■ [¶ 9] Although Mr. Spencer's support obligation through the last decade has been modest at best, his impending retirement constituted a sufficient change in circumstances for the court to amend his spousal support obligation. *See Sherwood v. Sherwood*, 622 A.2d 719, 720 (Me.1993). In light of the similarity of the parties' income upon Mr. Spencer's retirement, the court's decision to effectively eliminate Mr. Spencer's spousal support obligation is not manifestly unjust.

[¶ 10] Ms. Spencer next contends that the trial court erred when it denied her Motion to Alter or Amend the Judgment to require Mr. Spencer to continue paying at least $1.00 per year in spousal support, in order to ensure that she could seek modification if the parties' circumstances substantially change in the future. Her motion was filed pursuant to M.R. Civ. P. 59(e). We review decisions on Rule 59(e) motions for error of law or abuse of discretion. See *Madore v. Maine Land Use Regulation Comm'n*, 1998 ME 178, ¶ 15, 715 A.2d 157, 161.

■ [¶ 11] The obligation of one spouse to support the other during marriage and the obligation of a parent to support a child are both established by statute and exist throughout the marriage and the minority (or longer) of the child.[4] The court's authority to enforce those obligations may be invoked regardless of the absence of an outstanding court order. In contrast, the obligation of one spouse to support the other after the end of the marriage may only be established by order of the court at the time of the divorce and does not exist as a separate continuing obligation absent such an order. When the court completely terminates its order of post divorce spousal support, the court's authority to require payment of spousal support in the future ceases.

■ [¶ 12] Relying on 19 M.R.S.A. § 721(5), however, the court here held that "it is not necessary to alter or amend the Court's Order of March 3, 1997, to preserve the right of the Defendant to request spousal support in the future." Section 721(5) provides that:

The court, *at any time*, may alter or amend *a decree for spousal support or specific sum* when it appears that justice requires it, except that a court shall not increase the spousal support if the original decree prohibits increase. In making any alteration or amendment, the court shall consider the factors listed in subsection 1.

19 M.R.S.A. § 721(5)(1981), *repealed by* P.L 1995, ch. 694, § B–1 (effective October 1, 1997) (emphasis added). The court apparently relied on the language indicating that an amendment may be considered "at any time." That language, however, refers to an amendment of "a decree of spousal support or specific sum." Because the court cannot alter or amend that which does not exist, a motion to reestablish an award of spousal support cannot be entertained by a court after the date of complete termination of an outstanding award.

■ [¶ 13] Although there is no magic to the device used, the court must order at least a nominal amount of spousal support in order for the court to have the authority to alter or amend that order at a later date. Accordingly, we have awarded spousal sup-

4. *See* 19–A M.R.S.A. § 1504 (1998).

port of $1.00 per year to "permit the trial court to modify the award on an appropriate showing of a change in circumstances." *Bridgwood v. Bridgwood*, 538 A.2d 286, 287 (Me.1988) (a sufficient improvement in husband's earnings warrants re-opening a spousal support award); *accord Pongonis v. Pongonis*, 606 A.2d 1055, 1059 (Me.1992) (spousal support of $1.00 per year does not establish recipient's continuing need, but permits a trial court to modify the award upon a showing of a change in circumstances). In *Pongonis*, when awarding spousal support of $1.00 per year, we noted that it cannot "be said that [the husband's] present inability to pay spousal support justifies the preclusion of this issue from future review by the court should [his wife] on proper motion be able to establish her need and [her husband's] then ability to pay." *Id.* at 1059.

[¶ 14]  Here, although the trial court believed that it was not necessary to award a nominal amount of spousal support in order to preserve that right in Ms. Spencer, it implicitly determined that she should have the "right ... to request alimony in the future." We review the court's decision to allow a future motion to increase spousal support under the same deferential standard that we apply to decisions to alter or modify spousal support, reviewing the decision for abuse of discretion. *See Pongonis*, 606 A.2d at 1058. We will find such an abuse only where "a plain and unmistakable injustice becomes instantly apparent on review." *Id.* (citing *Sweeney v. Sweeney*, 556 A.2d 660, 661 (Me.1989)).

[¶ 15]  The trial court's only statutory guidance on this question is the direction provided by 19–A M.R.S.A. § 951(4), requiring the court to consider the same factors that it would consider in making an initial determination of spousal support. Although the parties here have been divorced for 21 years, they were married for 17 years. During the marriage, Ms. Spencer devoted her time to the home and raising the children, and she did not work outside the home. She remained in the home after the divorce until the children had all reached adulthood and for many years thereafter. At 58 years of age, she is not in good health and is earning only $13,000 per year. Her only significant asset is a modest home. She asserts that she may be forced to invade that asset to support herself.

[¶ 16]  The trial court found that although Ms. Spencer's income is limited, "after his retirement [Mr. Spencer] will not have significantly more income than [Ms. Spencer]." He is retiring, however, not because of ill health, but because "he doesn't enjoy working any longer." Accordingly, he may have the capacity and opportunity to continue to earn income from employment that exceeds his anticipated retirement income.

[¶ 17]  It is apparent that the court decided to eliminate Mr. Spencer's weekly spousal support obligation because of the anticipated dramatic reduction in his income. If that reduction were not to occur or were to be substantially mitigated by post-retirement employment earnings or other income, the balance of the factors considered by the court might shift significantly. Given Ms. Spencer's limited income and assets, and the possibility that Mr. Spencer's income will not be as limited as anticipated, we cannot say that the court's decision to allow Ms. Spencer to seek future spousal support in the event of a substantial change in circumstances was unmistakably unjust. *See Ramsdell v. Ramsdell*, 1997 ME 14, ¶ 5, 688 A.2d 918, 920–21.

[¶ 18]  Because, however, we conclude that a nominal award of spousal support is a prerequisite to any future motion to reinstate Mr. Spencer's obligation to pay spousal support to Ms. Spencer, we modify the order to reflect the award of $1.00 per year of spousal support to Ms. Spencer.

The entry is

Judgment modified to order that Mr. Spencer shall pay $1.00 per year in spousal support to Ms. Spencer, and as modified, affirmed.