2006 ME 49

**Jay D. RAISEN**

v.

**Irene E. RAISEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 13, 2005.
Decided: May 3, 2006.

Dana E. Prescott, Esq., Prescott Jamieson Nelson & Murphy, LLC, Saco, for plaintiff.

Theodore H. Irwin Jr., Esq., Irwin Tardy & Morris, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶1] Irene E. Raisen appeals from a divorce judgment issued in the District Court (Portland, *Horton, J.*) on Jay D. Raisen's complaint for divorce. Irene contends that the court erred in limiting her spousal support to a period of five years. We affirm the judgment.

## I. BACKGROUND

[¶2] Pursuant to M.R. Civ. P. 53, this divorce matter was referred to a referee, who submitted an amended referee's report to the District Court. The referee found the following facts, which are supported by competent record evidence, and which have been adopted by the District Court. Jay D. Raisen and Irene E. Raisen were married in 1992. Jay is a physician and Irene a musician. They have one son who is ten years old.

[¶3] The son is a special needs child with numerous disabilities and developmental delays. He suffers from "multiple developmental delays, [a] history of seizures, [a] possible diagnosis of Kabuki Syndrome, PPD, NOS, and ADHD combined, encopresis, diarrhea/incontinence and a history of epilepsy" for which he receives various medications. He requires "almost constant one-on-one attention and supervision" as well as special educational attention, and these needs will continue for the foreseeable future. Irene has been the primary caregiver for the son since his birth, and has stayed home to do so. Jay has been the primary wage earner.

[¶4] The parties' assets and debts were divided, and shared parental rights and responsibilities awarded pursuant to 19–A M.R.S. § 1653 (2005). Jay was also ordered to pay general spousal support to Irene pursuant to 19–A M.R.S. § 951–A(2)(A) (2005) in the amount of $3500 per month for two years, and thereafter $2500 per month for three more years, to allow Irene to continue to provide primary care for the son. Spousal support is to terminate altogether after five years, or upon Irene's remarriage or either party's death. Irene objected to the report in part on the ground that the spousal support award is inadequate.

[¶ 5] In its divorce judgment dated March 29, 2005, the court adopted the referee's report, and denied that portion of Irene's objection relating to spousal support. Irene then filed this appeal.

## II. DISCUSSION

[¶ 6] Irene contends that the court erred in terminating her spousal support from Jay after only five years because the son's disabilities will require her to be readily available for him beyond the next five years, and thus her future earning potential is only speculative. "When a trial court accepts a report of a referee, the findings of the referee become the trial court's findings, and we review those findings directly." *Warren v. Warren*, 2005 ME 9, ¶ 19, 866 A.2d 97, 101. Our review of an award of spousal support is deferential, and we determine only whether the trial court has exceeded its discretion. *Urquhart v. Urquhart*, 2004 ME 103, ¶ 3, 854 A.2d 193, 194.

[¶ 7] Although the court found that the son has needs requiring one-on-one attention, necessary to the court's award of spousal support in this case is the finding that those needs may be met in a manner that also allows Irene to transition back to the work force within five years. Indeed, the findings indicate that the son attends school on a full-time basis five days per week, and also that he requires an extended school year. In addition, the son should work with a learning disability specialist at school, who could provide the son with at least some portion of the supervised one-on-one attention he requires. Further, Jay is responsible for the care of the son for large blocks of time—Thursday through Saturday, and Thursday through

Monday on alternating weeks. School vacation time is divided evenly between the parties. Although Irene has, in the past, been the parent to be available to pick the son up from school early when necessitated by his medical and disability-related issues, and to care for the son when he gets home from school, the court noted that, in the present and future, it is in the son's best interest for both parents to maximize their earning potential while still providing direct care to the son as much as possible.

[¶ 8] These facts support the court's determination that Jonathan's needs may be met in part by others, including Jay, while still allowing Irene to work. Moreover, because Irene did not request further findings of fact, we are bound by the court's determination that Irene is capable of supporting herself within the five-year period of spousal support awarded by the court. *See Powell v. Powell*, 645 A.2d 622, 623–24 (Me.1994) ("In the absence of a motion for specific findings of fact and conclusions of law, we assume the divorce court found all the facts necessary to support the judgment."). That, in addition to our deferential review of spousal support awards, persuades us that the court did not exceed its discretion in awarding Irene spousal support for a period of five years. Furthermore, the court explicitly noted that, should the findings turn out to be too optimistic in terms of Irene's need for spousal support, Irene may, by timely motion, request an increase and/or extension of spousal support. *See* 19–A M.R.S. § 951–A(4) (2005) (stating that a spousal support award may be modified by the court "when it appears that justice requires").[1]

---

1. Irene relies on our opinion in *Hedrich v. Hedrich*, 1998 ME 248, 720 A.2d 1157, in which we vacated a spousal support award limited to three years to the spouse who had primary responsibility for a special needs child. That case is distinguishable in that it involved a younger child, a spousal support award for a more limited time, and circum-

The entry is:

Judgment affirmed.

stances in which the wife could not share the child-care responsibilities to the same extent that Jay and Irene's son is cared for by Jay, and is in school. These factors, in addition to our making clear that Irene may later seek an extension of the award, persuade us that the court acted within its discretion in awarding spousal support for five years.