2007 ME 121

**Marla L. PETTINELLI**

v.

**Richard W. YOST, III.**

Supreme Judicial Court of Maine.

Submitted On Briefs: June 13, 2007.

Decided: Aug. 28, 2007.

Elliott L. Epstein, Esq., Isaacson & Raymond, P.A., Lewiston, for plaintiff.

Joseph L. Goodman, Esq., Goodman Law Firm, Portland, for defendant.

Panel: SAUFLEY, C.J., and ALEXANDER, CALKINS, SILVER, and MEAD, JJ.

SILVER, J.

[¶ 1] Marla L. Pettinelli appeals from an order modifying a divorce judgment entered in the District Court (Portland, *Eggert, J.*). Pettinelli argues on a number of different fronts that the court abused its discretion by ordering a downward adjustment in spousal support. Because the court considered factors known at the time of the divorce in determining that there had been a substantial change of circumstances post-divorce, we vacate the judgment of the District Court.

## I. BACKGROUND

[¶ 2] Pettinelli married Richard W. Yost III in September 1997. The parties have two minor children. The children's primary residence is with Pettinelli.

[¶ 3] Pettinelli, age thirty-nine at the time of the hearing, has a college degree in education. Pettinelli previously worked as a telemarketer; however, since the birth of their first child in 1998, Pettinelli has worked primarily as a stay-at-home mother. In 2004, Pettinelli began *per diem* substitute teaching and babysitting, earning approximately $12,000 per year. Yost, age forty-two at the time of the hearing, has a college degree and is experienced in business management: he buys and sells commercial properties, manages inns, co-owns businesses, and owns residential real estate. At the time of the divorce, he was earning upward of $85,000 per year.

[¶ 4] The parties divorced in March 2002. The divorce judgment incorporated a settlement agreement drafted by the parties themselves, which set the terms of spousal and child support. *Inter alia*, the agreement provided that Yost would start by paying $625 per month in spousal support, with a later increase to $1625 per month. The agreement also provided that Yost would pay $1375 per month in child support.

[¶ 5] In July 2004, Yost filed a motion to modify the divorce judgment. Yost requested a downward adjustment of his spousal and child support obligations due to a substantial change in his financial circumstances. An interim hearing was held in January 2006 before a magistrate. The magistrate found that Pettinelli's financial circumstances had not changed since the divorce, but imputed the ability to earn a full-time teacher's salary. The magistrate found that Yost's financial circumstances had fluctuated greatly since the divorce and that his present capacity to earn income had substantially decreased since the divorce. Accordingly, the magistrate decreased Yost's spousal support obligation to $565.86 per month and decreased his child support obligation to $201.60 per week.

[¶ 6] At the final hearing in November 2006, the court undertook a *de novo* review of the motion to modify the child and spousal support obligations. 4 M.R.S. § 183(1)(E) (2006). The court found a substantial change in the parties' financial circumstances that required a modification of Yost's child and spousal support obligations.

[¶ 7] The court found that Yost's income had decreased from at least $85,000 at the time of the divorce to around $51,000 per year. The court found that the child and spousal support obligations under the divorce judgment exceeded Yost's current annual income. The court also determined that the decrease in Yost's earnings was not due to voluntary under-employment:

Although [Yost] has made more money on an annual basis in the past than he is currently earning, the court finds that those enhanced earnings resulted from business ventures and partnerships with

other individuals, including members of [Pettinelli's] family. Those partnerships and business opportunities are no longer available to [Yost] and the court does not find that [Yost] is voluntarily under employed because his income is significantly less than it once was. The court finds from the evidence that [Yost] is presently earning at a level commensurate with his earning capacity.

[¶ 8] With regard to Pettinelli's financial circumstances, the court found that she is under-utilizing her present earning capacity. While recognizing that it was the parties' original intent to allow Pettinelli to remain in her primary role as a stay-at-home mother, given Yost's change in financial circumstances, the court determined that Pettinelli's earning capacity is greater than the $12,000 she is currently earning. However, unlike the magistrate, the court did not impute an income level for a full-time teacher, noting that Pettinelli has never been a teacher, nor is she certified to be one. The court instead imputed an income of $16,000 per year, representing an income level for the types of jobs she previously held as a telemarketer.

[¶ 9] Based on these findings, the court granted Yost's motion to modify his spousal support obligations, stating in part:

The court has considered the factors set forth in [19–A M.R.S. § 951–A (2006)] for consideration when making a determination about payment of spousal support and the court finds that the key factors are the *short duration of the marriage*, the present limited ability of [Yost] to pay alimony, the effect of the payment of child support on [Yost's] ability to pay spousal support, and the fact that [Yost] must pay a mortgage on his residence while [Pettinelli] owns her residence outright, as factors that weigh against the payment of spousal support by [Yost]. The factors that would weigh in favor of the payment of spousal sup-

port by [Yost] to [Pettinelli] are the employment history and potential and the income history and potential of the parties. The court finds that those two factors have sufficient weight to order the short term payment of transitional alimony at this time, but that the lack of ability of [Yost] to pay alimony, [and] the *short duration of the marriage*, far outweigh the factors for payment of spousal support in the longer term.

The provisions of the divorce judgment contained in the settlement agreement of the parties under the heading of alimony [are] hereby vacated and substituted in its place is the following: "[Yost] shall pay to [Pettinelli] the amount of $400 per month as transitional alimony beginning December 1, 2006 to be paid through June 30, 2007 at which time payment of spousal support shall cease. The spousal support award is not subject to future modification and shall terminate upon the death of either party."

(Emphasis added.) The court also granted Yost's motion to modify his child support obligations, setting his weekly obligation at $160.49, based on the assigned incomes and in accordance with the child support worksheet calculations.

[¶ 10] Pettinelli filed a motion for further findings of fact and conclusions of law on the order amending the divorce judgment, which the court denied. Pettinelli filed this appeal.

## II. DISCUSSION

■ [¶ 11] We review modifications of spousal support for an abuse of discretion. *Spencer v. Spencer*, 1998 ME 252, ¶ 5, 720 A.2d 1159, 1161. Review for an abuse of discretion involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exer-

cise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness. *In re Jamara R.*, 2005 ME 45, ¶ 17, 870 A.2d 112, 117; *see State v. Weinschenk*, 2005 ME 28, ¶ 9, 868 A.2d 200, 205. Exceeding the bounds of discretion may be found when courts, in discretionary decision-making, (1) consider a factor prohibited by law, *see Osier v. Osier*, 410 A.2d 1027, 1029–31 (Me.1980); (2) decline to consider a legally proper factor under a mistaken belief that the factor cannot be considered, *see State v. Svay*, 2003 ME 93, ¶ 11, 828 A.2d 790, 794; or (3) act based on a mistaken view of the law, *see Ketchum v. Ketchum*, 1998 ME 62, ¶ 3, 707 A.2d 803, 804.

[¶ 12] The settlement agreement provided for an award of general spousal support. "General support may be awarded to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce." 19–A M.R.S. § 951–A(2)(A).[1]

▬ [¶ 13] The court has continuing jurisdiction to modify an award of spousal support when it appears that justice requires it. . . ." Levy, *Maine Family Law* § 8.4 at 8–18 (5th ed.2006) (quotation marks omitted). Once the court determines that a modification of the spousal support award is warranted, it must then consider the factors set forth in subsections 951–A(5)(A)–(P), as well as the catch-all provision "[a]ny other factors the court considers appropriate," 19–A M.R.S. § 951–A(5)(Q).[2] Levy, *Maine Family Law* § 8.4 at 8–19 (5th ed.2006).

1. Title 19–A M.R.S. § 951–A(2)(A)(2006) goes on to state:

   (1) There is a rebuttable presumption that general support may not be awarded if the parties were married for less than 10 years as of the date of the filing of the action for divorce. There is also a rebuttable presumption that general support may not be awarded for a term exceeding 1/2 the length of the marriage if the parties were married for at least 10 years but not more than 20 years as of the date of the filing of the action for divorce.
   (2) If the court finds that a spousal support award based upon a presumption established by this paragraph would be inequitable or unjust, that finding is sufficient to rebut the applicable presumption.

2. The factors set forth in 19–A M.R.S. § 951–A(5) (2006) are:

   A. The length of the marriage;
   B. The ability of each party to pay;
   C. The age of each party;
   D. The employment history and employment potential of each party;
   E. The income history and income potential of each party;
   F. The education and training of each party;
   G. The provisions for retirement and health insurance benefits of each party;
   H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
   I. The health and disabilities of each party;
   J. The tax consequences of a spousal award;
   K. The contributions of either party as homemaker;
   L. The contributions of either party to the education or earning potential of the other party;
   M. Economic misconduct by either party resulting in the diminution of marital property or income;
   N. The standard of living of the parties during the marriage;
   O. The ability of the party seeking support to become self-supporting within a reasonable period of time;
   P. The effect of the following on a party's need for spousal support or a party's ability to pay spousal support:
   (1) Actual or potential income from marital or nonmarital property awarded or set apart to each party as part of the court's distributive order pursuant to section 953; and

[¶ 14] Spousal support may be modified if there is a "substantial change in circumstances affecting the payor's ability to pay spousal support and the payee's need for spousal support." Levy, *Maine Family Law* § 8.4 at 8–21 (5th ed.2006). This determination is "based upon the payor's ability to pay spousal support, including his or her earning potential and assets, and not simply the payor's actual earnings at the time of the hearing." *Id.* § 8.4.1 at 8–23. "The purpose of the substantial change in circumstances standard in the context of a motion to terminate or reduce spousal support is to prevent the court from engaging in a reevaluation of the basis for the original spousal support award." *Id.* at 8–24 (quotation marks omitted).

[¶ 15] Although the recent changes in Yost's financial circumstances and Pettinelli's income earning capacity may have warranted some adjustment in Yost's general spousal support obligation, the court abused its discretion by engaging in the kind of "reevaluation of the basis for the original spousal support award" that the substantial change in circumstances standard was meant to prevent. Post-judgment proceedings provide no invitation to reopen and relitigate a divorce judgment or settlement agreement based on one party's second thoughts about whether he or she negotiated a good deal in the first place.

[¶ 16] At the time of their divorce, despite being married for only four and a half years, the parties agreed that Yost would pay Pettinelli a generous amount of general spousal support. The duration of the marriage has not since changed at all, let alone substantially. Nevertheless, the court highlighted the importance of this factor in its decision to grant the modification. For example, the court referred to the short duration of the marriage as one of four "key factors," and noted that Pettinelli failed to rebut the statutory presumption that general support should not be awarded if the parties were married for less than ten years.

[¶ 17] Because a party must demonstrate a substantial change in circumstances, post-divorce, to warrant a modification of the spousal support obligation, it was an abuse of discretion to rely on the short duration of the marriage to justify vacating the award of general spousal support. *See Haag v. Haag,* 609 A.2d 1164, 1165 (Me.1992) (concluding that the court's reliance on factors not related to a substantial change in financial circumstances was inappropriate because those factors did not reflect a change in circumstances unanticipated by the original divorce decree); *see also Osier,* 410 A.2d at 1029–31 (holding that decision-making reliant on improper factor is an abuse of discretion).

[¶ 18] In granting the modification of the award of spousal support, the court substituted the award of general spousal support in the parties' settlement agreement for a very small amount of transitional support [3]

---

(2) Child support for the support of a minor child or children of the marriage pursuant to chapter 63;  and

Q. Any other factors the court considers appropriate.

**3.** Title 19–A M.R.S. § 951–A(2)(B) (2006) provides:

Transitional support may be awarded to provide for a spouse's transitional needs, including, but not limited to:

(1) Short-term needs resulting from financial dislocations associated with the dissolution of the marriage;  or

(2) Reentry or advancement in the work force, including, but not limited to, physical or emotional rehabilitation services, vocational training and education.

that terminates after seven months and that is expressly not subject to further modification.

[¶ 19] "When the court completely terminates its order of post divorce spousal support, the court's authority to require payment of spousal support in the future ceases." *Spencer,* 1998 ME 252, ¶ 11, 720 A.2d at 1162. The divorce court may award nominal spousal support of $1 per year in order to reserve the right to change the award of spousal support in the future. Levy, *Maine Family Law* § 8.4 at 8–19 (5th ed.2006).

[¶ 20] The settlement agreement contemplated termination of spousal support "upon any cohabitation or remarriage of Pettinelli, or the death of either party, whatever occurs first." None of these conditions have occurred. Moreover, despite Yost's recent decrease in income, given his entrepreneurial nature and earnings history, his income may rebound in the future. If that occurs, any reduced spousal support award could be modified accordingly, thereby continuing to serve the intentions of the parties evidenced by the settlement agreement to provide Pettinelli with general spousal support. However, instead of decreasing the award in proportion to the decrease in Yost's income, the court supplanted the award of general support with an award of transitional support that terminates after seven months. The court's modification contravenes, without sufficient justification, the purpose of general spousal support and prevents Pettinelli from ever regaining the benefits contemplated by the parties in their settlement agreement.

[¶ 21] On remand, the trial court should reevaluate the motion to modify based on a proper consideration of the relevant factors. If a modification is indeed called for by a substantial change in circumstances, the downward adjustment should reflect those substantial changes in

earning potential and assets. If the court finds that Yost cannot currently pay any spousal support, then the court should consider awarding nominal spousal support.

The entry is:

Judgment vacated and remanded for further proceedings consistent with this opinion.