MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 117
Docket:        Yor-16-482
Submitted
  On Briefs:   May 25, 2017
Decided:       June 8, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

KIMBERLY A. QUINTY

v.

STEVEN W. JOHNSON

ALEXANDER, J.

[¶1]  Kimberly A. Quinty appeals from the judgment of the District Court (York, *Janelle, J.*) granting Steven W. Johnson's motion to dismiss her motion to extend the spousal support provision of the couple's 2011 divorce judgment.  Quinty argues on appeal that the court misapplied 19-A M.R.S. § 951-A(4) and (9) (2016) when it concluded that reinstating the award of spousal support after the obligation to pay spousal support had expired was prohibited by law.  We affirm the judgment.

I.  CASE HISTORY

[¶2]  Quinty and Johnson were married in 1991.  After eighteen years of marriage, Quinty filed a complaint for divorce from Johnson in 2010.  On March 9, 2011, after an uncontested hearing, the parties were divorced by

entry of a divorce judgment (*Cantara, J.*), which incorporated the parties' negotiated settlement agreement, dated February 24, 2011. Pursuant to that agreement, Johnson was ordered to pay Quinty general spousal support for a period of five years, beginning on March 1, 2011, and ending with a final payment on February 29, 2016.

[¶3] On July 8, 2016, Quinty filed a motion to modify the divorce judgment to reinstate and to extend the term of the spousal support obligation pursuant to 19-A M.R.S. § 951-A(4). Johnson timely filed a motion to dismiss, arguing that Quinty's motion failed to state a claim upon which relief can be granted. *See* M.R. Civ. P. 12(b)(6). Johnson asserted that when his spousal support obligation terminated on February 29, 2016, Quinty's ability to request a modification expired. Quinty objected to Johnson's motion to dismiss, arguing that the divorce judgment did not expressly terminate the court's authority to modify the spousal support award.

[¶4] On September 23, 2016, the court (*Janelle, J.*) held a non-testimonial hearing on the motion to dismiss and issued an order granting the motion that day. Citing 19-A M.R.S. § 951-A(9) and *Pettinelli v. Yost*, 2007 ME 121, ¶ 19, 930 A.2d 1074, the court concluded that Johnson's obligation to pay spousal support had ceased on February 29, 2016, and that

Quinty's "belated attempt to reinstate spousal support" was barred by both statute and case law. Quinty timely filed a notice of appeal. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2.

## II. LEGAL ANALYSIS

[¶5] When we review a trial court's grant of a Rule 12(b)(6) motion to dismiss, we review the legal sufficiency of the pleading de novo and view the pleading in the light most favorable to the party filing the pleading to determine whether it sets forth elements of a cause of action or alleges facts that would entitle that party to relief pursuant to some legal theory. *See Andrews v. Sheepscot Island Co.*, 2016 ME 68, ¶ 8, 138 A.3d 1197.

[¶6] A court may award spousal support to a party in a divorce proceeding pursuant to 19-A M.R.S. § 951-A (2016). For a spousal support award issued before October 1, 2013, section 951-A(4) provides: "An award of spousal support issued before October 1, 2013[,] is subject to modification when it appears that justice requires unless and to the extent the order awarding or modifying spousal support expressly states that the award, in whole or in part, is not subject to future modification." However, "[t]he complete termination of a spousal support award pursuant to the terms of the

4

award or a final post-judgment order forever precludes the reinstatement of spousal support in that action." *Id.* § 951-A(9).

[¶7]  The terms of the parties' settlement agreement, incorporated into the divorce judgment, specified that Johnson's five-year spousal support obligation terminated on February 29, 2016.  Quinty filed her motion to modify four months after that obligation had expired.  The court correctly concluded that its authority to reinstate the spousal support award had ceased, and, therefore, that Quinty's untimely motion failed to allege facts that would entitle her to relief pursuant to some legal theory.  *See Pettinelli*, 2007 ME 121, ¶ 19, 930 A.2d 1074; *Raisen v. Raisen*, 2006 ME 49, ¶ 8, 896 A.2d 268 (stating that a party who was awarded general spousal support for a fixed term of five years could request an extension of spousal support "by timely motion"); *Spencer v. Spencer*, 1998 ME 252, ¶ 12, 720 A.2d 1159 ("Because the court cannot alter or amend that which does not exist, a motion to reestablish an award of spousal support cannot be entertained by a court after the date of complete termination of an outstanding award.").

The entry is:

Judgment affirmed.

Dana E. Prescott, Esq., Prescott Jamieson Murphy Law Group, LLC, Saco, for appellant Kimberly A. Quinty

Amy T. Robidas, Esq., Robidas Law, LLC, Portland, for appellee Steven W. Johnson

York District Court docket number FM-2010-126
FOR CLERK REFERENCE ONLY