Paula M. HAAG

v.

John V. HAAG, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs June 3, 1992.
Decided June 25, 1992.

Roger J. O'Donnell, III, Platz & Thompson, Lewiston, for plaintiff.

Coleman Coyne, Murphy & Coyne, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Plaintiff Paula Haag appeals from a Superior Court order (Androscoggin County, *Alexander, J.*) affirming the District Court's amendment of the divorce judgment (Lewiston, *Gorman, J.*). Plaintiff argues that the District Court abused its discretion when it eliminated defendant's obligation to pay alimony because it did not limit its consideration to facts showing a substantial change in the parties' financial circumstances. We agree that the court improperly relied on matters not relevant to the parties' respective financial circumstances. Additionally, the record contains insufficient proof of a substantial change in circumstances to justify termination of plaintiff's alimony. We therefore vacate the order and direct the divorce court to deny defendant's motion to amend the divorce judgment.

The original divorce decree, entered in October 1988, provided that defendant pay alimony in the amount of $200 per week. (*Henry, J.*) In its findings of fact, the court stated its reasons for ordering alimony:

The Court ordered alimony because of the lifestyles of the parties during the marriage, the length of the marriage, the great disparity of income, and the fact that the Plaintiff's income shows no promise of materially increasing, while the Defendant's income is still increasing and is subject to continual, if not periodic, increases.

The underlying facts revealed that for most of the twenty-year marriage Mrs. Haag had been a homemaker, obtaining employment in 1985 first as a receptionist and later as an office manager for an optometrist; Mr. Haag had been continuously employed at Central Maine Power Company and at the time of the divorce was a division vice-president. Her income at the time of the divorce was $13,000, his almost $65,000. At the time of the modification hearing, hers was $15,000, his $72,000.

The District Court granted Mr. Haag's motion to amend the divorce judgment for the following reasons: (1) Mrs. Haag's cohabitation with her boyfriend, which the court characterized as similar to a marital relationship, and the consequent reduction in her living expenses; (2) Mrs. Haag's continuous gainful employment; (3) Mrs.

Haag's purchase of a two-unit building (which the court termed a "nest egg") and her calculated efforts at the time of the original divorce proceeding to make it appear that it would be her primary residence when, in fact, she had no intention of living there; (4) Mr. Haag's voluntary assumption of their daughter's extensive college debt, not motivated by a desire to avoid alimony; and (5) the decrease in Mr. Haag's overall ability to pay alimony coupled with Mrs. Haag's reduced need for alimony. The Superior Court affirmed, and this appeal followed.

The court has discretion to modify an award of alimony on the ground of a substantial change in either the payor or payee spouse's financial condition. *See Williams v. Williams,* 444 A.2d 977, 980 (Me.1982); *Smith v. Smith,* 419 A.2d 1035, 1037 (Me. 1980). The only factors of those enumerated above that relate to a substantial change in financial circumstances are the first, fourth, and fifth. The District Court's reliance on the other factors was inappropriate because those factors did not reflect a change in circumstances unanticipated by the original divorce decree. For example, the District Court considered Mrs. Haag's ownership of a two-family residence as a "nest egg" reducing her need for alimony, but this residence was purchased with her share of the marital property and is therefore not a "changed circumstance." *See Mitchell v. Mitchell,* 418 A.2d 1140, 1143 (Me.1980) (wife's conversion of proceeds from sale of marital home to investment income did not change her financial situation). Also, the District Court clearly focused on the fact of Mrs. Haag's cohabitation as a significant change in her circumstances reducing her need for alimony. This possibility, however, was not unanticipated by the original decree. The record reveals that defendant requested but did not receive a condition in the decree that alimony would cease upon plaintiff's cohabitation. *See id.* at 1142–43 (unlike remarriage, unmarried cohabitation not prima facie evidence that alimony should be terminated because cohabitants have no legal obligation to support each other). The "substantial change in circum-

stances" standard prevents the court from engaging in such a reevaluation of the basis for the original divorce judgment.

We conclude further that the remaining evidence does not support a finding of a substantial change in circumstances. The only change in circumstance in either party's financial condition in the two years between the original decree and the modification hearing is the reduction in Mrs. Haag's living expenses as a result of her cohabitation, and the increase in Mr. Haag's liabilities caused by his financing of his daughter's college expenses. Though the court emphasized the latter change as the primary reason for its modification, we do not agree that the net effect of Mr. Haag's voluntarily acquired indebtedness and Mrs. Haag's presumably rent-free living arrangement is sufficient to support the court's termination of alimony given the continued and essentially unchanged disparity in the parties' incomes. We do not suggest that such circumstances can never be grounds for modifying an alimony award. On the facts of this case, however, the changed circumstances have minimally, not substantially, affected the parties' financial conditions. The District Court abused its discretion by amending the decree to eliminate defendant's obligation to pay alimony.

The entry is:

Judgment of Superior Court vacated. Remanded to Superior Court with instructions to remand to District Court for entry of judgment denying defendant's motion to amend.

GLASSMAN and COLLINS, JJ., concurring.

CLIFFORD, Justice, with whom ROBERTS, Justice, joins, dissenting.

I agree with the court that because the District Court impermissibly relied in part on matters not related to whether there was a substantial change in circumstances, its order amending the divorce judgment must be vacated. I disagree, however, that there was so little evidence of a change of

circumstances that *no* change in alimony is supportable *as a matter of law.*

Although Mrs. Haag's involvement in a relationship similar to that of a marriage does not *prima facie* require that alimony be terminated, the evidence that her living expenses were substantially reduced can, in and of itself, constitute a substantial change of circumstances. *Williams v. Williams,* 444 A.2d 977, 980 (Me.1982). That the original divorce court declined to include a provision automatically terminating alimony upon cohabitation does not mean that a substantial reduction in the financial needs of Mrs. Haag resulting from such a relationship cannot be considered by the court as a change of circumstances. *See Jacobs v. Jacobs,* 507 A.2d 596, 601 (Me.1986). That, coupled with the substantially increased expenses of Mr. Haag, might not compel, but in my view, would permit the trial court to consider some reduction in alimony.

I would remand to the District Court for reconsideration of the motion based on the relevant and permissible evidence.