1999 ME 75

**K. Halle Watson LYON.**

v.

**Mark E. LYON.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 12, 1999.
Decided May 17, 1999.

**1274**

Mary N. Kellett, Law Officers of Ellen S. Best, Blue Hill, attorney for plaintiff.

Dana E. Prescott, Prescott, Lemoine Jamieson & Nelson, Saco, attorney for defendant.

1. The parties did not argue in either this Court or in the Superior Court whether Maine or Massachusetts law applies. When parties do not raise

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Mark Lyon appeals from a judgment of the Superior Court (Hancock County, *Delahanty, J.*) denying his motion to modify or terminate his spousal support payments to his ex-wife, K. Halle Watson Lyon. Mark argues that the trial court abused its discretion in concluding that Halle's cohabitation with another man does not require the reduction or termination of his spousal support obligation. We affirm the judgment.

[¶ 2] The Lyons were married in 1974 and divorced in Massachusetts in 1982. The divorce judgment incorporated a written stipulation between the parties that obligated Mark to pay Halle $725 per month as spousal support until one of them died or Halle remarried. The stipulation included an anti-modification provision making it "forever binding" on both parties, except that the provisions regarding child support and custody were subject to modification by the court.

[¶ 3] In 1986, Halle began cohabiting with Michael DeMatteo in a house owned by Halle's mother in Concord, Massachusetts. They each paid half of the monthly rent. From the inception of their cohabitation, Halle and DeMatteo kept their finances separate but shared household expenses equally. DeMatteo moved to Maine in 1993, and Halle soon followed. They lived together in another house owned by Halle's mother in Brooksville. They pay no rent for the Brooksville house, where they continue to cohabit.

[¶ 4] Mark recorded the Massachusetts judgment in Maine and filed a motion in Superior Court to decrease or terminate his spousal support payments to Halle.[1] After a hearing the court denied the motion.

[¶ 5] We review the court's refusal to modify spousal support for abuse of discretion. *See Spencer v. Spencer*, 1998 ME 252, ¶ 5, 720 A.2d 1159, 1161. We give unusual deference to the trial court in this area,

choice of law issues, we determine and apply Maine law. *See Banker's Life Ins. Co. v. Eaton*, 430 A.2d 833, 835 n. 1 (Me.1981).

*see Schultz v. Dellaire,* 678 A.2d 46, 47 (Me. 1996), and will only find an abuse of discretion if the result is "a plain and unmistakable injustice, 'so apparent that it is instantly visible without argument.'" *Day v. Day,* 1998 ME 194, ¶ 5, 717 A.2d 914, 916 (quoting *Smith v. Smith,* 419 A.2d 1035, 1038 (Me. 1980)).

■■■ [¶ 6] A party seeking a modification of a spousal support award must establish that "a change in circumstances unanticipated by the original divorce decree" justifies modification. *Haag v. Haag,* 609 A.2d 1164, 1165 (Me.1992). Normally the sort of change unanticipated by the divorce decree is a "substantial change in either the payor or payee spouse's financial condition." *Id.* Cohabitation alone, without a substantial change in financial circumstances, is not sufficient to justify modification. *See id.*

■■■ [¶ 7] When an anti-modification agreement has been incorporated into the divorce decree, however, the party seeking modification must show more than a substantial economic change. *See Hale v. Hale,* 604 A.2d 38, 41 (Me.1992).

> When the divorce decree incorporates the parties' agreement that there be no modification of the award of alimony, . . . a payor spouse seeking to reduce his . . . obligation must justify the modification on the basis of changed circumstances beyond a mere showing that there has been a substantial change in the parties' respective economic circumstance.

*Day,* 1998 ME 194, ¶ 6, 717 A.2d at 916. The "substantial change" standard is insufficient because "a divorce decree with an incorporated antimodification provision anticipates that the financial circumstances of either of the parties may change substantially." *Id.,* ¶ 7, 717 A.2d at 916. A higher standard is appropriate because it gives effect to the antimodification agreement without divesting the court of its statutory authority to modify a support award "when it appears that justice requires it." 19-A M.R.S.A. § 951(4) (1998).

[¶ 8] In *Day,* the ex-husband sought to modify his spousal support obligation after his ex-wife won $4 million in the Tri-State lottery. The trial court held that the remarkable alteration in the parties' financial situation was not enough to justify decreasing the spousal support in light of the prior agreement to the anti-modification provision. We affirmed. "Because all that Mr. Day offered the court to justify a reduction in his spousal support obligation was evidence of a substantial change in Ms. Day's financial circumstances, the divorce court did not exceed the bounds of its discretion in denying his motion to amend the divorce judgment." 1998 ME 194, ¶ 8, 717 A.2d at 916-17.

■■■ [¶ 9] Mark offered the court evidence of a change in financial circumstances far less significant than that in the *Day* case. Ms. Day won a $4 million lottery jackpot; Halle shares household expenses with DeMatteo, who among other things pays half of the utilities and gives her $35 per week for groceries. Although the trial court in this case did not have the benefit of our decision in *Day,* it appropriately considered the anti-modification agreement in reaching its decision. There was no "plain and unmistakable injustice," *id.,* ¶ 5, 717 A.2d at 916, in the court's conclusion that Mark failed to show a change in circumstances sufficient to justify modification of the spousal support obligation he had agreed was "forever binding."

The entry is:

Judgment affirmed.