STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-93-597 ,
SKS - KEN - 10/14/2004

DARLENE STILLMAN,

      Plaintiff

    v.

LEWIS STILLMAN,

      Defendant

DONALD L. ~~~~~~~~
LAW ~~~~~

DECISION ON MOTIONS
AND ORDER

NOV 5 2004

This matter came before the court on motions by each of the parties to modify the present order of spousal support contained in the Divorce Judgment dated December 27, 1995. After hearing, the court entered a decision on those motions dated December 10, 2003. However, for reasons explained in the court's subsequent order dated February 9, 2004, the December 2003 decision was vacated. Subsequent to the February 2004 order, the record in this matter was reopened and the testimony of Lisa Shukrun was taken before the court. Following that additional testimony, counsel for both parties submitted their arguments in writing and the court has fully reviewed again all of the evidence presented in the case. In light of this fresh review of all of the evidence, some of the court's findings have changed, but many of the findings will be the same as previously set forth in the December 10, 2003 decision.

As noted above, both parties have motions to modify the spousal support. The plaintiff is presently receiving $100 per week from the defendant as support, and she would like to have this amount increased because of a decrease in her own income. On the other hand, the defendant, who has been paying the plaintiff $100 a week since the 1995 judgment, seeks to have the support amount reduced, apparently because he believes another man in Tennessee who is providing support, and because she is

receiving SSI benefits from the Social Security Administration (SSA). In order to justify a change in spousal support, either way, it must show that there has been a substantial change in circumstances between the former spouses. *Williams v. Williams*, 444 A.2d 977 (Me. 1982). Therefore, a "then and now" type of analysis is necessary.

## Plaintiff

The divorce court made specific findings with regard to each of the parties as part of the Divorce Judgment. With regard to the plaintiff, Darlene, the court noted that she was 45 years old and had been married to the defendant, Lewis, for approximately 24 years. Also noted were the facts that Darlene had left school in the ninth grade at age 16 and had been primarily employed as a homemaker and mother during the marriage. After their separation, Darlene found employment in Tennessee as a housekeeper. For six months in mid-1995, Darlene grossed approximately $6,000. For purposes of child support calculation (the parties' son remained with the defendant in Maine, the divorce court found that the plaintiff had earnings of $12,654 per year (which included medical insurance). The court also found that Darlene was residing with a "domestic partner" with whom she shared expenses, her share being approximately $1,162 a month including child support of $31.62 per week which she was sending to the defendant. The spousal support award was $100 per week, which means that after the divorce, the plaintiff had total annual income of approximately $18,254, or $16,483 if discounted for the child support payments.

At the time of the hearing, the plaintiff was no longer employed and is collecting SSI benefits in the amount of $172 per month from the Social Security Administration. This benefit represents the total benefit to which she would be entitled under federal and state law and regulations, offset by the spousal support she receives from the

defendant. The plaintiff is no longer paying child support. Therefore, the plaintiff's total annual income at present is approximately $7,700.

The plaintiff is receiving her SSI benefits for mood and anxiety disorders which apparently the SSA has determined prevent her from any gainful employment. There was evidence presented concerning observations of the plaintiff's physical activities that could lead to a finding that she is physically able to perform at least light-duty work and has overstated her disability to the SSA. However, although the disability finding of the SSA is not binding on this court, the court will give it deference since the basis of the disability was mental not physical in nature and no evidence was presented based upon independent medical examination or concerning available employment in the area where the plaintiff presently resides.

At the time of the divorce, the trial court found, "The plaintiff currently resides with a domestic partner with whom she shares expenses." That "domestic partner" will be identified only as "TT." The evidence of record indicates that the plaintiff and TT lived together for a period of time until approximately September of 2001. However, contrary to the plaintiff's testimony at trial, the court finds that the plaintiff and TT have resumed their cohabitation at some time since late 2001 and they presently live together in an apartment/garage building belonging to TT.

### Defendant

In contrast to the changes that have occurred in the plaintiff's life, the defendant's life and financial situation has remained fairly stable since the divorce. The defendant continues to be employed as a papermaker at SAPPI. At the time of the divorce, his income was approximately $60,000 and he had medical insurance. The divorce court found that, "The defendant currently resides with a domestic partner, who contributes 'very little' to expenses."

More recently, the defendant has earned gross annual pay of between $65,000 to $70,000 per year, depending on the availability of overtime. If viewed in terms of buying power, the defendant's present earnings are probably not that much different than they were at the time of the divorce in 1995. The defendant suffers from high blood pressure but continues to work full time, though he plans to retire in the not so distant future. The defendant does not have a domestic partner at present.

## Discussion

The 1995 divorce court considered the circumstances of the parties against the various factors set forth in the statute effective at that time (19 M.R.S.A. § 721), and awarded the plaintiff spousal support in the amount of $100 per week. The judgment also provided that, "The defendant's alimony obligation will terminate on the plaintiff's remarriage or on the death of either party." No mention was made of cohabitation as a limitation on spousal support, and if it had, no support would have been ordered right from the start. As noted above, it was no secret that in 1995 that the plaintiff was cohabitating and sharing expenses and yet the court made the award of support and made no condition concerning future cohabitation. A condition limiting payment of spousal support so that it expires upon "death, remarriage or cohabitation" is fairly common in settlement agreements and divorce judgments, but was not included in the judgment at issue. The result is that the plaintiff's present cohabitation with TT does not form a legal basis for terminating spousal support for two reasons. First, cohabitation is not listed as one of the reasons to terminate in the Divorce Judgment, and, second, although not a constant condition, the plaintiff's living arrangements are the same today as they were in 1995 and cannot be found to constitute a sufficient change in circumstances to grant the defendant's motion to terminate the support. *Haag v. Haag*, 609 A.2d 1164 (Me. 1992).

The defendant also argues to the court concerning the plaintiff's cohabitation that, "This relationship is tantamount to a marriage . . ." and regarding the plaintiff and TT, "She is his wife, whether that is the case or not on paper." If the argument is that the plaintiff is somehow TT's common wife, that is contrary to the law in Maine, if not Tennessee. The defendant also states, "No one can live on $430 per month without help from someone or from the government," apparently implying that the plaintiff must be receiving some support from TT . While this may be true, it is th

With regard to the plaintiff's motion to increase spousal support, the court notes that there has been a substantial change in her circumstances with regard to the loss of employment and the collection of SSI benefits. Considering these benefits, the court notes that they form the plaintiff's only income other than spousal support. However, the court does not consider that offset provisions of federal or state law should constitute a reason to decrease or eliminate spousal support. The defendant's obligation is separate under the law from whatever additional obligation society has decided to undertake through various benefit programs. It is the court's general understanding that many federal need based benefit programs such as SSI are a type of insurer of last resort, filling the gaps left after all other income, including court ordered spousal support, has been expended. It would be inappropriate to turn the order of consideration around and count SSI before the defendant's legal obligation, separate from SSI.

The plaintiff's income has decreased between 1995 and the date of hearing, but not to the extent reflected in this court's earlier order. The December 2003 order misstated the plaintiff's current income. After considering the factors set forth in 19-A M.R.S.A. § 951-A, the court will order an amendment of the Divorce Judgment to order general spousal support in the amount of $550 per month.

The court notes that there was no evidence presented about nor did the court consider the impact of future retirement upon any continuing spousal support obligation. If and when the defendant decides to retire, his income will undoubtedly decrease, while the plaintiff's income may increase due to the Qualified Domestic Relations Order which was part of the Divorce Judgment.

In light of the foregoing, the entry will be:

Defendant's motion to terminate spousal support is DENIED. Plaintiff's motion to amend spousal support is GRANTED and the defendant is ORDERED to pay spousal support to the plaintiff in the amount of $550 per month, beginning retroactive from January 1, 2004, and to terminate upon the plaintiff's remarriage or the death of either party.

Dated: October 14, 2004

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __12/13/93__ __Kennebec__ Docket No. __CV93-597__ F

County

Action __Divorce removal from Dist Court__

Darlene Stillman                                         vs. Lewis Stillman

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~xxxxxxxxxSharonxxEsq.~~ | ~~Thomas Nale, Esq.~~   Michaela Murphy, Esq. |
| ~~PxOxxBoxxxxxxxxx3180x~~ | ~~P.O. Box 633~~   One Center Street |
| ~~xxxxxxxxxxxMexxxxxxxxxxxxAuburnxxx04212x~~ | ~~Waterville, Me. 04901~~ Waterville, Maine |
| | 04901-5425 |
| Roger Katz, Esq. | ~~xxxxxxxxxBishopxxEsq.~~ |
| PO Box 1051 | ~~PO Box 34~~ |
| Augusta Maine  04332 | ~~Waterville, Me. xx04901~~ |

| Date of Entry | |
|---|---|
| 12/13/93 | Removal from Northern Kennebec District Court with all papers filed. FT-1 mailed to Atty. |
| 12/23/93 | Motion to Compel Production of Documents filed.  s/Sharon, Esq. |
| | Request for Hearing for Testimonial for ¼ hr. filed.  s/Sharon, Esq. |
| | Proposed Order filed.  s/Sharon, Esq. |
| 12/27/93 | Notice of discovery service filed.  s/Nale,Esq. Defendants answers to interrogatories propounded by plaintiff served on Leonard I. Sharon,Esq. on 12/22/93. |
| 12/28/93 | Plaintiffs affidavit of income and assets filed.  s/Darlene Stillman. Plaintiffs financial statement (M.R. Civ.P. 80(c)) filed.  s/Darlene Stillman. |
| 1/3/94 | Pretrial Scheduling Statement filed.  s/Sharon, Esq. |
| 1/3/94 | Copy of letter from Atty. Nale to Atty. Sharon regarding the Pretrial Scheduling Statement filed. |
| 1/3/94 | Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents filed.  s/Nale, Esq. |
| 1/7/94 | EXPEDITED PRETRIAL ORDER  s/Mills,J. Expedited Pretrial Order filed.  Discovery to be closed by 9/30/94. Case ordered placed on the non-jury trial list 30 days after clsoe of discovery.  By order of the presiding justice the Expedited Pretrial Order is incorporated by reference in the docket. Copies mailed to Attys. Report of conf of counsel form mailed to Atty. Sharon. |
| 1/14/94 | Letter filed.  s/Nale,Esq. |
| 1/14/94 | Notice of discovery service filed.  s/Nale,Esq. Response to subpoena to produce documents served on Leonard I. Sharon, Esq. on 1/13/94. |