2010 ME 69

**Richard D. SMITH**

v.

**Wanda RIDEOUT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 7, 2010.

Decided: July 27, 2010.

Sarah L. Glynn, Esq., Oxford Hills Law, South Paris, ME, for Richard D. Smith.

Wanda S. Rideout, Auburn, ME, pro se.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Richard D. Smith appeals from a judgment entered in the District Court (South Paris, *Stanfill, J.*) denying his motion to modify parental rights and responsibilities on a finding that there has been no substantial change in circumstances, pursuant to 19–A M.R.S. § 1657(1) (2009),[1] sufficient to justify a change of primary residence. Smith argues that the court: (1) abused its discretion by declining to enter a default judgment upon his motion after Wanda Rideout did not appear for two prehearing proceedings; and (2) failed to apply the correct legal standard in denying his request for primary residence of his son in light of his change in circumstances. We affirm the judgment.

## I. CASE HISTORY

[¶ 2] The following facts are undisputed. The parties are the natural parents of a son born in 2004. In addition, Smith has primary residence of a daughter from a previous relationship, who is one year older than his son. Rideout has three other sons from a prior relationship who are six, seven, and eight years older than the parties' child.

[¶ 3] A parental rights and responsibilities order (Original Order) was issued on June 9, 2008, (*Carlson, M.*), awarding Rideout primary residence, and the parties shared parental rights, for the child. The Original Order set forth a detailed contact schedule, which the parties cooperated in implementing, regularly transitioning their son between their homes.

[¶ 4] In January 2009, Smith moved to modify the Original Order due to a change

---

1. Title 19–A M.R.S. § 1657 (2009) states in relevant part:

    **1. Modification or termination.** An order for parental rights and responsibilities may be modified or terminated as circumstances require:

    A. Upon the petition of one or both of the parents; or
    B. Upon the motion of an agency or person who has been granted parental rights and responsibilities or contact with a child under this chapter.

in his employment status. At the time of the motion, Smith was in transition from private employment to receiving full-time disability payments after suffering a traumatic brain injury while in the Armed Services. Smith argued that he could provide increased daycare for his son as a full-time, stay-at-home father. The court (*Cote, J.*) issued a new order (May Order), amending the Original Order to adjust Smith's child support obligation to reflect his reduced income. In addition, the court determined that it would be in the best interest of the child for Smith to provide full-time daycare, and ordered that the child be with Smith while Rideout was at work.

[¶ 5] Two months later, Smith again moved to modify parental rights and responsibilities, this time seeking primary residence of the child. A case management conference was scheduled on this motion for September 14, 2009, which Smith attended but Rideout did not. The matter was then placed on the South Paris trailing docket, and a call of the docket was held on October 5, 2009. Smith appeared, but Rideout did not. Smith asserts that he moved for a default judgment, which was denied, (*Cote, J.*).[2]

[¶ 6] A hearing was held on Smith's motion to modify in November 2009. Smith testified and presented the testimony of several witnesses to support his contention that it would be in his son's best interest for Smith to have primary residence. Rideout testified and stated that she has flexibility in her employment that allows her to take care of her children. The parties did agree to amend the May Order to allow the boy to spend every

other week with each parent for the duration of the 2010 school vacations.

[¶ 7] After hearing the testimony, the court (*Stanfill, J.*) determined that there had been no change in the circumstances "sufficiently substantial in its effect on the best interest of the parties child to justify modifying the current residence and contact provisions."[3] Referencing the May Order, the court explained:

[I]'m not saying things didn't change at all. Things aren't static. Life isn't static. Things do change. But I don't find that there has been a substantial change in circumstances since the last custody order.

[¶ 8] Smith filed this timely appeal.

## II LEGAL ANALYSIS

### A. Declining the Default Request

[¶ 9] Smith argues that the court abused its discretion by failing to grant his motion and award him primary residence by default after Rideout failed to appear for both the case management conference and the call of the docket. Rideout responds that she did not receive notice of either pre-trial proceeding because of a mistaken address.

[¶ 10] We review the denial of a motion for default for an abuse of discretion, with the "presumption being that justice is better served by adjudicating cases on their merits than by the use of default judgments." *Sheepscot Land Corp. v. Gregory*, 383 A.2d 16, 23 (Me.1978).

[¶ 11] Default requests must be approached with particular caution when parental rights are at issue. A court's

---

2. There is no evidence of the motion for default judgment on the docket sheet.

3. The court did find that a substantial change in circumstances had taken place with regards to Smith's income, and adjusted his child support obligations accordingly. That modification is not at issue in this appeal.

primary concern in parental rights matters must be the best interests of the child, and resolution of the issues affecting children is accomplished most appropriately if both parents can be heard, unless one parent has evidently abandoned the field. Further, in parental rights matters, as has occurred in this case, judgments are subject to being reopened and reconsidered upon a showing of a substantial change of circumstances. Thus, a default may give only a temporary victory and add little to the stability of a child's living situation or other interests that are important to a child's well-being.

[¶ 12] Rule 109 of the Maine Rules of Civil Procedure states that if a party fails to appear at a case management or pretrial conference, the court "may take appropriate action" including issuing a default judgment. Further, M.R. Civ. P. 117 provides that no default judgment shall be issued in a parental rights and responsibilities action "without all parties being given notice and opportunity to appear and be heard before entry of judgment." Applying the very deferential abuse of discretion standard, we have approved the entry of defaults or refusal to strike defaults resulting from failures to appear at preliminary proceedings in parental rights matters. *See Ezell v. Lawless*, 2008 ME 139, ¶¶ 18–33, 955 A.2d 202, 206–10; *Conrad v. Swan*, 2008 ME 2, ¶¶ 9–11, 940 A.2d 1070, 1074–75. Those opinions do not mandate entry of a default here.

■ [¶ 13] We have previously determined that a trial court has exceeded the bounds of its discretion when, in discretionary decision-making, the court: (1) considers a factor prohibited by law, *see Pettinelli v. Yost*, 2007 ME 121, ¶ 11, 930 A.2d 1074, 1077–78; *Osier v. Osier*, 410 A.2d 1027, 1029–31 (Me.1980); (2) declines to consider a legally proper factor under a mistaken belief that the factor cannot be considered, *see State v. Svay*, 2003 ME 93, ¶ 11, 828 A.2d 790, 794; (3) acts or declines to act based on a mistaken view of the law, *see Shaw v. Packard*, 2005 ME 122, ¶¶ 11–12, 886 A.2d 1287, 1290; *State v. Mason*, 408 A.2d 1269, 1272–73 (Me.1979); or (4) expressly or implicitly finds facts not supported by the record according to the clear error standard of review, *Pettinelli*, 2007 ME 121, ¶ 11, 930 A.2d at 1077–78.

■ [¶ 14] None of the criteria for vacating the trial court's exercise of discretion are met in this case. As discussed above, trial courts should be, and here the trial court was, cautious in addressing requests for defaults in parental rights cases. Rideout's failure to appear at a pre-trial conference or the call of the docket does not mandate the entry of a default judgment against her. The court had the discretion to decide whether it was in the interest of justice and in the best interest of the child to enter a default judgment or hold a hearing on the merits. The court did not abuse its discretion by declining to grant, by default, Smith's motion to change primary residence.

## B.  Change of Circumstances Finding

■ [¶ 15] Smith argues that the court made a mistake of fact regarding the timeframe it could consider when it examined whether a substantial change in the parties' circumstances had occurred. Specifically, Smith argues that the court should have considered whether circumstances had changed since the Original Order, rather than since the May Order, because the May Order did not affect custody, but merely dealt with daycare.

[¶ 16] In *Cloutier v. Lear*, 1997 ME 35, ¶ 3, 691 A.2d 660, 661–62, we considered the exact issue presented here. In that case, there were also two prior parental rights orders in place: (1) the original order; and (2) the second order establish-

ing a more specific schedule of contact. *Cloutier,* 1997 ME 35, ¶¶ 2, 3, 691 A.2d at 661–62. We held that the trial court properly considered evidence as to a change in circumstances only from the second order going forward, not from the original order. *Id.* ¶ 3, 691 A.2d at 662 (citing *Ehrlich v. Bloom,* 585 A.2d 809, 812 (Me.1991)).

[¶ 17] The May Order was a response to Smith's motion to modify, based upon Smith's contention that he could provide full-time daycare for the child because of his disability status. Although it is true that the May Order dealt with daycare rather than the issue of primary residence, it was the most recent parental rights order in place, and the court could have properly limited the evidence to the time period relevant to the issue before it.

[¶ 18] Even if the May Order was not the last "custody order" for purposes of analyzing whether a substantial change in circumstances had occurred, there is no evidence in the record that the court limited its review of the evidence to only those circumstances occurring since the May Order. Because the court did not apply the wrong legal standard, and there is competent evidence in the record to support the court's factual findings, the court did not err or abuse its discretion in noting that there had been some change of circumstances, but declining to find such a substantial change as would justify a change of primary residence, the only issue unresolved by the parties and presented for decision on this appeal.

The entry is:

Judgment affirmed.