STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-16-011

FRED AND ELEANOR TAYLOR )
)
    Plaintiff/Appellee, )
)
v. )
)
MARK WALKER and HOME, )
SNUGGLERS, INC. )
)
    Defendant/Appellant. )

ORDER

RECEIVED & FILED

OCT 04 2016

ANDROSCOGGIN
SUPERIOR COURT

Pending before the court is an appeal of the District Court Small Claims Notice of Judgment (rendered by default) dated July 5, 2016 and the District Court's subsequent denial to lift the default dated July 15, 2016.

## I. Background and Procedural History

On May 10, 2016, Plaintiffs, Fred and Eleanor Taylor, filed a Statement of Claim in the Lewiston District Court against Mark Walker and Home Snugglers, Inc., dated April 27, 2016. The Taylors alleged Defendant had caused damage to their vinyl siding from retro-foam insulation and damage to their roof. They further asserted that their property should have been left in its original condition.

Notice of Small Claims Hearing, providing the date (July 5, 2016), time (8:30 a.m.) and location of the hearing (Lewiston District Court, 71 Lisbon Street, Lewiston, Maine), was sent to the parties on June 13, 2016. Plaintiffs appeared for hearing. Defendant did not appear. Judgment was granted to the Plaintiffs in the amount of $4,256.00 and costs of $96.00.

Just after 9:00 a.m. on July 5, 2016 the date of hearing, Defendant realized he had gone to the wrong court. Instead of going to the District Court in Lewiston, he went to

1

the District Court in Portland. He immediately contacted the Lewiston District Court Clerks office and was advised to come to Lewiston as soon as possible. As luck would have it, Defendant could not immediately locate his car keys. Just after 10:00 a.m., he learned that his keys had been found and were at the security office. Apparently the keys had fallen from the tray while on the scanner belt at entry screening. Defendant again called the Lewiston District Court Clerks office, advising the court that he was on his way and would get to the courthouse as quickly as possible.

Upon arrival, the Judge was still on the bench. A court officer (presumably) advised the Defendant that he had been defaulted and the Notice of Judgment signed. Defendant prepared and submitted a written account of the day's events and requested the court "to re-open" the hearing. The request, deemed to be a motion for relief from judgment in accordance with Maine Rule of Small Claims Procedure 9, was filed prior to him leaving the courthouse on July 5, 2016.

On July 13, 2016, the court considered Defendant's motion for relief from judgment. The court ordered that Plaintiffs had until August 5, 2016 to file an objection to Defendant's motion, otherwise the court would grant Defendant's request and re-set the case for hearing.

On July 15, 2016, Plaintiffs filed their objection to Defendant's motion for relief from judgment. Plaintiffs submitted a written statement in support of their claim. They also included their original statement of claim filed May 10, 2016 along with pictures, bills, a letter dated February 4, 2016 from their attorney to Defendant, and printed material from Defendant's website. Plaintiffs' submissions also included an acknowledgment that they owed Defendant $889.00. From the record, it appears this was the first time the outstanding bill due and owing from Plaintiffs to Defendant was raised. The $889.00 was not accounted for in the original Notice of Judgment.

2

On July 26, 2016, after considering Plaintiff's filings, the court denied Defendant's motion for relief from judgment.

In accordance with Maine Rule of Small Claims Procedure Rule 11, Defendant filed this appeal and request for jury trial de novo on August 4, 2016. Defendant included an affidavit setting forth his defenses to Plaintiffs' Small Claims Complaint. Plaintiffs' attorney filed a motion to dismiss Defendant's appeal on August 29, 2016. Defendant's opposition to Plaintiffs' motion to dismiss was filed on September 8, 2016 and Plaintiffs' reply to Defendant's opposition to Plaintiffs' motion to dismiss was filed on September 13, 2016.

## II. Standard of Review

Maine Rule of Small Claims Procedure 11(a) authorizes an appeal from a judgment of the District Court in a small claims action to the Superior Court. Such an appeal can only be on questions of law and shall be determined without a jury. M.R. Civ. P. 76D. The record on appeal consists of the original papers and exhibits filed in the District Court and a copy of the docket entries prepared by the clerk of the District Court, together with any transcript made by electronic sound recording. M.R. Civ. P. 76F(a).

Pursuant to Rule 9 of the Maine Rules of Small Claims Procedure, on the written request of a party setting forth reasons showing good cause, the small claims court may relieve a party from the effect of a prior judgment. Rule 9 incorporates, by way of reference, Rule 60 of the Maine Rules of Civil Procedure. Trial courts have a have a broad range of discretion in considering requests for relief and remedies pursuant to Maine Rule of Civil Procedure 60(b), but an appeals court reviews a decision on a motion for relief from a default judgment for an abuse of discretion, *Ezell v. Lawless*, 2008 ME 139, ¶¶ 15, 19, 955 A.2d 202, with the presumption being that justice is better

3

served by adjudicating cases on their merits than by the use of default judgments, *Smith v. Rideout*, 2010 ME 69, ¶ 10, 1 A.3d 441. The court will set aside the decision on the motion only if the failure to grant the relief works a plain and unmistakable injustice against the moving party. *Ezell*, 2008 ME 139, ¶ 19, 955 A.2d 202. The Law Court has determined that a trial court has exceeded the bounds of its discretionary decision-making when the court: (1) considers a factor prohibited by law; (2) declines to consider a legally proper factor under a mistaken belief that the factor cannot be considered; (3) acts or declines to act based on a mistaken view of the law; or (4) expressly or implicitly finds facts not supported by the record according to the clear error standard of review. *Smith*, 2010 ME 69, ¶ 13, 1 A.3d 441.

In general, pursuant to Rule 60(b), the grounds for relief from an order include, *inter alia*, excusable neglect and any other reason justifying relief. M.R.Civ.P. 60(b)(1)(6). To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show: (1) a reasonable excuse for her inattention to the court proceedings; and (2) a meritorious defense to the underlying action. *Ezell*, 2008 ME 139, ¶ 22 955 A.2d 202. For example, the Law Court upheld a trial court's holding that the tumult and stress a party was experiencing due to her divorce proceeding, recent moves, and the loss of her job did not rise to the level of a reasonable excuse and, therefore, the court did not abuse its discretion in denying the party's request for relief pursuant to Rule 60(b)(1). *Id.* ¶¶ 21, 33.

Relief pursuant to Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply, when there are "extraordinary circumstances," and the party seeking relief is without fault. *Id.* ¶¶ 18, 29. And, Rule 60(b)(6) relief is only appropriate when the appellant has diligently pursued his or her rights. *Id.* ¶ 28. For example, the

4

Court upheld the denial of a claim for Rule 60(b) relief when a party twice failed to appear at scheduled court events about which she had notice, twice failed to timely notify the court of changes in her address, failed to contact the court to learn the status of the case or explain her absences, failed to pursue the timely appeal that was available to her under the law following an adverse ruling, and thus, failed in her duty to take legal steps she knew she must take to protect her own interests. *Id.* ¶¶ 32-33.

When a defendant has failed to appear before the entry of a default judgment, the defaulted defendant must file a Rule 60(b) motion for relief in the trial court where the decision was rendered before seeking appellate review. *Richter v. Ercolini*, 2010 ME 38, ¶¶ 11-12, 994 A.2d 404. And, while a defendant in a small claims action generally has the right to appeal any issue so triable of right by jury trial de novo, M.R.S.C.P. 11(d)(2), a defendant who has a default judgment rendered against them in small claims court for failure to appear, loses their right to a jury trial de novo on the merits. *H & H Oil Co. v. Dineen*, 557 A.2d 604, 605 (Me. 1989).

Here, Defendant filed a motion for relief with the District Court from the July 5, 2016 default judgment, pursuant to Maine Rule of Small Claims Procedure Rule 9 (in accordance with Rule 60 of the Maine Rules of Civil Procedure). His motion was denied on July 26, 2016. This court, therefore, considers the denial of that motion for relief. However, because the reason for the entry of the default judgment was Defendant's failure to appear, this court is unable to consider Defendant's motion for a jury trial de novo. *See Id.* at 605.

**III. Findings and Conclusions**

This court finds that Defendant is entitled, pursuant to Maine Rules of Small Claims Procedure 9, incorporating by reference Maine Rule of Civil Procedure 60(b)(1), to relief from the default judgment rendered against him in small claims court for the

reason of excusable neglect. First, Defendant had a reasonable excuse for not appearing in the Lewiston District Court as he was required to defend the small claim complaint against him. He did not initially appear at the Lewiston court because he misread the notice, but did appear, at what would have otherwise been on time, at the District Court in Portland. He was prevented from driving immediately to the Lewiston District Court, as he wanted to and eventually did, because his keys had fallen from the tray while on the scanner belt at entry security screening. Defendant immediately contacted the Lewiston District Court Clerks office when he realized he was at the wrong courthouse, and was advised to come to Lewiston as soon as possible. Defendant again called the Lewiston District Court Clerks office after locating his keys, advising the court that he was on his way and would get to the courthouse as quickly as possible. While admittedly 2 ½ hours late, the Judge was still on the bench when Defendant arrived at the Lewiston District Court. He was advised, however, that he had been defaulted and the Notice of Judgment signed. Second, Defendant's motion and subsequent filings demonstrate that he has a meritorious defense. From the record and with all due respect to the District Court, this court finds that the denial of Defendant's motion for relief from the default judgment works a plain and unmistakable injustice against the party and, as such, was abuse of discretion by the court.

In the alternative, Defendant's request for relief, pursuant to M.R. Civ. P. 60(b)(6), should be granted because he did try to enforce his rights and because of the extraordinary circumstances surrounding his failure to appear. Defendant's efforts to correct his error in going to the wrong court were significant. After realizing he was at the wrong courthouse and, again, after locating his keys, he diligently kept the Lewiston courthouse advised of his circumstances and intent to appear. Despite these mishaps he was, in fact, barely 2 ½ hours late. Again, because he was advised by the

6

Lewiston courthouse to get there as soon as possible and, especially because the Judge was still on the bench when he arrived, Defendant was entitled to relief, pursuant to M.R. Civ. P. 60(b)(6), from the default judgment against him. The court's denial of Defendant's motion for relief from the default judgment works a plain and unmistakable injustice against Defendant because he did not get the chance to have his case reviewed on the merits, and as such, the denial was an abuse of discretion by the court.

For these reasons, and with all due respect to the District Court, this court vacates the denial of Defendant's motion for relief from judgment.

This matter is remanded for hearing on Plaintiffs' Statement of Claims.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 10/4/16

MaryGay Kennedy
Justice, Superior Court