ALEXANDER, J., concurring in part/dissenting in part. .[1113] I concur with the Court that we should reach the merits of this interlocutory appeal, and I concur with the Court that the Superior Court’s judgment on appeal from the District Court must be vacated. However, because the record of information available to the District Court demonstrates that the District Court acted within its discretion, I respectfully dissent from the Court’s remanding for any further review of facts by the Superior Court or by the District Court, Because error in the District Court’s order has not been demonstrated on this appeal, the District Court’s judgment should be affirmed. [¶ 14] Review of the record discloses the following facts, available to the District Court when it reached its decision, that support the District Court’s action after receiving Mark Walker’s letter. Fred and Eleanor Taylor initiated the small claims action in the Lewiston District Court seeking. damages of $4,256 plus costs, A hearing on the Taylors’ statement of claim was scheduled for July 5, 2016, at 8:30 a.m. [¶ 15] -On June 13, 2016, three weeks before the hearing date, a notice of the hearing was sent to Walker at his Wind-ham address. The notice specifically-stated that the hearing would be held at the Lewiston District Court, with the court’s address prominently displayed in the middle of the page, set-off from the rest of the text. The notice stated that the hearing was set for 8:30 a.m. and warned Walker that failure to appear may result in a default judgment against him. On July 5, Walker failed to appear, and the court (Ende, J.) entered a default judgment in favor of the Taylors. [¶ 16] Later on July 5, Walker submitted a letter to the Lewiston District Court. In the letter, Walker alleged that he had (i) appeared at the Portland District Court; (ii) called the Lewiston District Court at 9:08 a.m. “and was told I could yet come to Lewiston”; (iii) found he had mislaid his car keys; (iv) discovered that his car keys had been left at entry screening; (v) called the “clerk” again, left Portland after 10:00 a.m., and arrived at Lewiston District Court around 11:00 a.m. The letter provided no justification for Walker going to Portland rather than Lewiston, as the notice had specifically directed him to do, nor did the letter provide any justification for the apparent late arrival at Portland.' [¶ 17] By letter to the District Court dated July 15, 2016, the Taylors opposed reopening the hearing. The District Court treated Walker’s July 5 letter as a motion to set aside the default judgment.[3] In an order dated July 26, the court (Oram, J.) denied the motion. The court’s order states, in pertinent part, “After considering the filings, [Walker’s] motion to set aside default is denied.” In evaluating the motion, the court could have reasonably concluded, based on its review of the letter and the court file, that eyen if the claims in Walker’s letter were true, he was not entitled to relief. [¶ 18] There are .many defaults and failures to appear in properly noticed small claims proceedings and other minor civil actions. Acting without hearing on post-judgment letters or motions seeking to excuse defaults in such minor civil matters is frequent practice.[4] Were the practice otherwise, final resolution of such matters could be unduly delayed, and parties who did appear to prosecute or defend such matters could be unduly burdened because of a nonappearing party’s dilatory behavior or carelessness. [¶ 19] As the Court’s opinion correctly notes: “The District Court was authorized to deny the motion without a hearing upon concluding that the facts alleged in Walker’s motion, even if proved, did not constitute excusable neglect for the purposes of M.R. Civ. P. 60(b).” Court’s Opinion ¶ 10. . [¶ 20] In his July 5 letter to the District Court, Walker did not explain why he went to Portland when the notice he received/in explicit terms, directed him to .the Lewi-ston. District Court; and he did not explain why he arrived at the Portland District Court clerk’s .office after -9:00 a.m., when the noticed hearing time was 8:30 a.m. The District Court was authorized to deny the motion without a hearing upon concluding that the limited facts alleged in Walker’s July 5 letter, even if they could, have been proved at a hearing, did not-.constitute excusable neglect for the purposes of M-R-Civ. P. 60(b). Too much was left unexplained in Walker’s letter. See Laurel Bank & Tr. Co. v. Burns, 398 A.2d 41, 45 (Me. 1979) (stating that a party seeking relief from judgment bears the burden of presenting competent evidence demonstrating his entitlement to relief pursuant to M.R. Civ. P. 60(b)). [¶21] The trial court’s action, whether taken with or without a hearing, is reviewed for an abuse of discretion. On appeal from the District Court to the Superi- or Court, Walker, the party seeking to change the decision on appeal, had the burden of persuasion to demonstrate error or, in this case, abuse of discretion. See Beal v. Town of Stockton Springs, 2017 ME 6, ¶ 13, 153 A.3d 768; Rossignol v. Me. Pub. Employees Ret. Sys., 2016 ME 115, ¶ 6, 144 A.3d 1175. Walker had the burden to demonstrate that the District Court abused its discretion in (i) not holding ’a hearing and (ii) denying Walker’s request to reconsider and reopen the hearing. [¶22] An abuse of discretion may be demonstrated when the record indicates that a court, in discretionary decision-making: “(1) considers a factor prohibited by law; (2) declines to consider a legally proper factor under a mistaken belief that the factor cannot be considered; (3) acts or declines’ to act based on a mistaken view of the law; or (4) expressly or implicitly finds facts not supported by the record according to the clear error standard of review.” Smith v. Rideout, 2010 ME 69, ¶ 13, 1 A.3d 441; Pettinelli v. Yost, 2007 ME 121, ¶ 11, 930 A.2d 1074. [¶ 23] The limited record that Walker presented to the District Court lacked explanation of critical facts relating to his disregard of the explicit notice Walker received directing him when and where to appear. That record does not demonstrate that the District Court abused its discretion in denying, without hearing, Walker’s motion to strike the default conveyed by his letter of July 5, 2016. Because no abuse of discretion has been demonstrated, the District Court’s decision must be affirmed. . M.R.S.C.P. 9, the rule governing motions to set aside small claims judgments, incorporates the provisions of M.R. Civ. P. 60. . See M.R. Civ. P. 7(b)(7) ("Except as otherwise provided by law or these rules, after the opposition is filed the court may in its- discretion rule on'the motion without hearing.”); M.R.' Civ. P. 7(b)(5) ("The court may in its discretion deny a motion for reconsideration without .hearing and before opposition is filed.”).